**U.S. District Court**

**District of New Mexico**

FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

18 DEC -7  AM II: 04

CLERK-ALBUQUERQUE

CASE NO. _18CV 1143-KK/JHR_

**Tisha Brick** Pro Se Parent

**on behalf of Student A.B.**

*Plaintiff,*

Vs.

**Estancia Municipal School District**

**EMSD** Legal Counsel **Evelyn Howard-Hand**

**& Lorie Gerkey**

of Walsh Gallegos Treviño Russo & Kyle P.C.

**Chief Stephanie Reynolds & Officer Mico Fernandez**

of Estancia Police Department

**Vanessa Gutierrez** of Triple A Participant Self Direction LLC

**State of New Mexico**

**New Mexico Public Education Department**

**The Office of Civil Rights Denver Division**

**Deputy District Attorney Ray Sharbatt.**

*Defendants.*

# **Federal Complaint**

1. Plaintiff brings this complaint before this court due to the complex nature of the complaint which encompasses multiple claims, against multiple defendants who are accused of violating multiple Federal laws toward both the student Anthony Brick and the Parent Tisha Brick. The laws violated appear to fall primarily under Section 504, ADA, and IDEA.

2. Plaintiff is Pro Se Parent Tisha Brick, mother of student Anthony Brick. Both reside at 1414 W. Josephine Ave. Estancia, NM 87016, mailing address is PO Box 1082 Estancia, NM, Phone numbers are: HM (505) 384-2803, Cell (505) 910-6106.

3. Defendants are: Estancia Municipal School Districts' legal counsel Evelyn Howard-Hand and Lorie Gerkey of Walsh Gallegos Treviño Russo & Kyle P.C., The following Estancia Municipal District Faculty: Superintendent Joel Shirley, Special Education Director Karen Pai, Secondary Schools Instructional Principal Athena Trujillo, Dean of Students Denise Smythe, Principal Mindy Lingnau, Special Education Teacher Cynthia Golden, School Psychologist Joe DiRaddo, School Social Worker Danielle Trujillo, Diagnostician Marla Lehman, Speech Language Pathologist Mandy Thrasher, Occupational Therapist Leona Segura, School Nurse Chariti Sanchez, Regular Education Teacher Julie Morales, Educational Assistant Desirae Candelas, Educational Assistant Maria Fields, School Secretary Aimee Watts, Regular Education Teacher India Encinas, Chief Stephanie Reynolds and former Officer/SRO Mico Malinzak-Fernandez of Estancia Police Department contracted with EMSD, Vanessa Gutierrez former Support Broker for Plaintiff of Triple A Participant Self-Direction LLC, the State of New Mexico, the New

Mexico Public Education Department, the Office of Civil Rights Denver Division, and Deputy District Attorney Ray Sharbatt.

4. Anthony Brick is an 11-year-old former student of Estancia Municipal School District (EMSD) who is legally diagnosed with Undifferentiated Schizophrenia, Post Traumatic Stress Disorder, Attention-Deficit Hyper-Active Disorder (the combined type), and Developmental Delay.

5. Both Tisha Brick and Anthony Brick have been legal participants of the Medical Cannabis Program in the State of New Mexico since 2015.

6. Anthony Brick has a legal Doctor's recommendation to be given Medical Cannabis daily as necessary routine medication for mental health management, as well as having the recommendation of needing medical cannabis as a PRN in moments of severe and uncontrollable mental health behavioral crises in which de-escalation cannot be fully achieved.

7. Plaintiff Tisha Brick has been and currently is the legal caregiver under the Medical Cannabis Program. Tisha Brick has been and currently is the primary responsible person for managing and administering the medication for minor Anthony Brick including when he needed a PRN administered at school.

8. Anthony Brick attended EMSD from his Pre-Kindergarten school year beginning in 2012. He was involuntarily withdrawn from EMSD by EMSD in his Fourth-grade school year on February 6, 2018 after months of an unresolved educational dispute between Tisha Brick and EMSD.

9. Plaintiff held public Due Process Hearing 1718-14 against EMSD before State Appointed Hearing Officer Morgan Lyman from August 20, 2018 - August 26, 2018. The Hearing

Officer issued his decisions on December 3, 2018 granting Tisha Brick Due Process in part and denying her in part.

10. The Hearing Officer did not have lawful jurisdiction over many of the issues that this complaint addresses, and new issues of complaint developed Post-Hearing between Plaintiff, EMSD, Estancia Police Department, and legal counsel Evelyn Howard-Hand and Lorie Gerkey.

11. The Hearing Officer appeared to have been biased from the beginning of the Due Process, by doing many biased things such as abuse of discretion, favoritism toward the respondent counsel in as well as after the hearing and using the respondent counsels' recent active case *Sledge V. APS* against the plaintiff in the Due Process findings.

12. Plaintiff is aggrieved by the Hearing Officers' decisions that do not find a denial of FAPE. The Hearing Officer cannot have made an educated and informed decision on these issues since he did not give weight to the majority of relevant evidence in this case. He helped the respondents' counsel to bar 90 percent of the plaintiffs' evidence making it impossible to for the plaintiff to provide a clear and informed case. This set the stage for allowing most of the defendants to avoid answering critical questions and commit perjury.

13. The Hearing Officer appears to have rushed through his findings and made several factual errors and didn't attempt to issue a remedy to any of the issues that he found FAPE was denied on. He instead blamed the Pro Se parent for not giving him anything past "speculation" to go by, although a list of reasonable remedies were submitted to the Hearing Officer.

14. No complaints have been nor will be brought against Chariti Sanchez and Julie Morales, they are defendants by default, they are listed only for the reasons of being employed through EMSD, having been active IEP team members for former student Anthony Brick, and having been witnesses who testified in public Due Process Hearing 1718-14.

15. Tisha Brick had and still currently has personal friendships outside of school with Chariti Sanchez and Julie Morales. Tisha Brick had and no longer has, due to the retaliatory and discriminatory positions/actions taken during the ongoing legal dispute between Tisha Brick and EMSD, personal friendships and/or personal relationships with Aimee Watts, Mindy Lingnau, India Encinas, and Desirae Candelas.

16. During the month of September 2017 Tisha Brick and Mindy Lingnau began to establish a mutually consensual personal relationship leaning towards intimacy and the only person within the school district who knew of it at the time due to obvious reasons of desiring privacy, was Tisha Brick's former best friend Aimee Watts, a close friend of Aimee's outside of school who was also formerly friends with Tisha Brick, and Aimee Watts' live-in boyfriend Wesley Kahlil Ducker also formerly friends with Tisha Brick.

17. Tisha Brick asked Mindy Lingnau for her personal cellphone number in the beginning of September 2017 in order to further pursue Mindy Lingnau personally, including but not limited to setting up a date for September 24, 2017 between the two outside of school. Mindy Lingnau happily directed Aimee Watts to give Tisha Brick her number and even confirmed to Tisha Brick it was her personal number that day via text message.

18. On September 26, 2017, just a few days after canceling a planned personal date with Tisha Brick and suddenly refusing to respond personally to Tisha Brick via text message and phone calls, Mindy Lingnau without any justifiable reason, unlawfully and

personally with Tisha Brick due to "fearing being hurt in relationships" due to Mindy

Lingnau's past relationship history. This is documented via text message.

26. During October and November of 2017 Mindy Lingnau told Tisha Brick on several

different occasions she was ok with Tisha Brick pursuing her outside of school and even

told Tisha Brick that "it was better to catch her at the spur of the moment in order to be

able to get a personal date". This is documented via text message from Tisha Brick.

27. During the month of October 2017, Chariti Sanchez and Tisha Brick witnessed

inappropriate interactions happening between Special Education teacher Cynthia Golden,

Desirae Candelas, and Anthony Brick. These interactions are believed to be a significant

factor to a sudden increase in Anthony's behavioral outbursts at school which were

requiring constant restraint, seclusion, and medication PRN's.

28. During the month of October 2017 Chariti Sanchez and Tisha Brick sought Mindy

Lingnau's help on the issues both in person and through email. Mindy Lingnau refused to

help and inappropriately insisted that the issue needed to be resolved with the entire IEP

team.

29. Tisha Brick sought information and/or documentation from Cynthia Golden and Desirae

Candelas as to why the student was having almost daily outbursts, both told Tisha Brick

they had no idea why. It was discovered in the Due Process Hearing when Desirae

Candelas testified, that Desirae Candelas had a notebook of documentation on Anthony

Brick that she deliberately withheld from Tisha Brick and the rest of the IEP team.

30. Tisha Brick requested a short meeting in-person with Mindy Lingnau on November 2,

2017 and in conjunction with secretary Aimee Watts, was given an "EMSD lanyard" to

be considered a permanent visitors pass so that Tisha Brick could legitimately spend an

unspecified amount of days on campus observing Anthony Brick in school all day every day, in order to attempt to get to the bottom of the frequent behavioral crises since Mindy Lingnau couldn't help. Mindy Lingnau agreed to this proposition.

31. During October-November 2017, Tisha Brick was also seeking the help of administrators Athena Trujillo and Denise Smythe to help principal Mindy Lingnau learn her duties with Anthony Brick as a special education student as there was a claim that Mindy Lingnau was "new and inexperienced" despite Mindy Lingnau holding a staggering 19 years of teaching experience in all grade levels and other impressive trainings as she boasted about in her welcome letter to the school and community at the beginning of the 2017-2018 school year.

32. On November 10, 2017 Aimee Watts handed Tisha Brick a "volunteer packet/background check form" and stated she was instructed by Athena Trujillo and Mindy Lingnau to have Tisha Brick fill out both forms in order to be on campus.

33. Tisha Brick became highly upset by this action since both Athena Trujillo and Mindy Lingnau had seen Tisha Brick several times over the last week while Tisha Brick was observing her son on campus and neither mentioned this to her.

34. Tisha Brick emailed both Athena Trujillo and Mindy Lingnau on November 10, 2017 about the issue and requested to be brought in to address any issues that were going on. Athena Trujillo responded and stated that it was standard procedure at first but after Tisha Brick requested in person communication, Athena Trujillo then changed positions and stated they issued the form because there were some alleged "complaints" about Tisha being in the front office all day, breaking confidentiality, etc. Tisha requested repeatedly

by email to be brought in to talk about any issues with administrators and was denied
these requests and then later ignored completely by administrators.

35. An Eligibility Determination Team meeting for Anthony Brick was scheduled on
November 16, 2017 but since Tisha Brick had been told via the secretary by
administration she couldn't be on campus without having completed the form given to
her, this put Anthony at risk because Tisha Brick was the primary behavioral crises
responder for Anthony, tension was be rising between Tisha Brick and EMSD, and
administration refused to meet with her about the issues, Tisha Brick could not attend the
meeting and pulled Anthony Brick from school for his safety around November 15, 2017.

36. The IEP team held the EDT meeting without Tisha Brick present and simply gave her the
documentation that was reviewed in the meeting later.

37. After almost two full school years of it being allowed and after the parent began
advocacy for Anthony Bricks' educational rights to be reviewed and lawfully upheld, on
November 16, 2017 Mindy Lingnau and Karen Pai in an act of retaliation to the
advocacy, announced to the IEP team in an EDT meeting without parent present, that
they would no longer allow Anthony Brick to be administered his medical cannabis by
Tisha Brick on or near school grounds due to claims of allegedly being at sudden risk of
violating state and federal laws which allegedly prohibit the allowance of medically
prescribed cannabis on school premises and within 300 feet of school premises.

38. Tisha Brick sought the advocacy of former support broker Vanessa Gutierrez as well as
reaching out for legal advocacy from Disability Rights of New Mexico. Tisha Brick was
instructed by both sources to forward as many emails as possible to give some evidence
as to what was going on between EMSD.

39. Vanessa Gutierrez had an all-day meeting with EMSD ON November 20, 2017 that was supposed to pertain to gathering missing documentation from the student file and trying to gain information on the dispute between EMSD and Tisha Brick since EMSD was refusing to communicate and or mediate with Tisha Brick as Tisha Brick requested via email several times to administrators and team members.

40. In the Due Process Hearing Vanessa Gutierrez testified that she was conspiring behind closed doors repeatedly against Tisha Brick between the months of November 2017-January 2018 and this was unknown to Tisha Brick until the Due Process Hearing.

41. Vanessa Gutierrez testified in conjunction with administrators to meeting among themselves and discussing among other things the false claim of Mindy Lingnau's safety being in imminent danger. She also testified to being shown by Mindy Lingnau all of the personal text messages between Mindy Lingnau and Tisha Brick, and being shown personal Facebook posts by Tisha Brick which EMSD claimed were threatening to them. She was supposed to be advocating for the student and at the time her client.

42. Tisha Brick was later assured by EMSD on a Prior Written Notice to the November 30, 2017 IEP/BIP revision meeting that she could come to campus without having to fill out the background check form.

43. Tisha Brick was told by Disability Rights of New Mexico towards the end of November 2017 that the case was too complex for them to handle and was referred to Special Education lawyer Gail Stewart of Granberg and Stewart law firm.

44. Despite having a significant amount of documented evidence, crisis team responder eye-witness account, and witness testimony via the Due Process Hearing about the allowance of and knowledge of Tisha Brick being allowed to administer medical cannabis to

Anthony Brick at EMSD as a PRN for de-escalation, starting on November 30, 2017 and

lasting through August 26, 2018, Joel Shirley, Athena Trujillo, Denise Smythe, Karen

Pai, Mindy Lingnau, Desirae Candelas, and Maria Fields repeatedly denied under oath,

allowing and/or knowing about Tisha Brick being allowed to administer medical

cannabis on school grounds as part of Anthony Bricks' Behavioral Intervention Plan.

45. Towards the end of November 2017, after Tisha Brick provided an offered and school-

administratively requested training including education on the students' medical cannabis

to the IEP team, administrators, and the Superintendent in order to smooth out ongoing

educational disputes particularly involving Mindy Lingnau, alleged personality conflicts,

and to offset alleged lack of knowledge and/or understanding of how to deal with the

student and parent at school, Joel Shirley unlawfully, unethically, and secretively

attempted to report Tisha Brick to New Mexico's Department of Health for suspicious

medical cannabis "manufacturing and dosing" in an act of personally biased retaliation.

46. On December 7, 2017, Principal Mindy Lingnau filed a false report to Children Youth

and Family Department against Tisha Brick 3 weeks after Anthony Brick had been

unable to attend school. The report consisted of allegations of severe abuse and neglect,

educational neglect, starvation of the child to the point of the child being malnourished,

medical cannabis abuse, concerns of the child having direct access to Tisha Bricks'

conceal carry handgun, concerns of no food being kept in Tisha Bricks' home, and

concerns of the conditions of Tisha Bricks' home.

47. Just a few days after the CYFD report, Mindy Lingnau sent out the first of a series of

three letters personally signed by her, from December 2017-January 2018 that all

threatened further reports to CYFD and Juvenile Parole and Probation Offices if Tisha

Brick didn't bring Anthony Brick back to school.

48. In January of 2018, after being instructed by former legal counsel and CYFD to maintain

documented email notifications to the school of why Anthony continued to need to be

absent to satisfy school compulsory attendance law documentation given to parent, Joel

Shirley instructed certain IEP team members to block Tisha Brick's email

communication.

49. Tisha found out about her emails being blocked first through Chariti Sanchez due to her

being the only one who was responding to Tisha Brick's daily email communication.

Chariti Sanchez first went to IT support and was directed to Joel Shirley. Joel Shirley told

Chariti why he instructed staff to do this, and that he would "take care of notifying the

parent and the rest of the team."

50. Julie Morales a few days later, sent the parent a screenshot of Kelly Jimenez, Joel

Shirley's secretary, giving team members step by step instructions on blocking Tisha

Brick's emails. Julie Morales refused to participate in the corruption and was sent an

intimidating email by Joel Shirley after she questioned the email instructions.

51. After months of Tisha Brick enduring a 90-day high priority investigation and Tisha

Brick giving CYFD significant amounts of evidence of the legal dispute between Tisha

Brick and EMSD, CYFD unsubstantiated all allegations on the report in February of

2018.

52. On January 12, 2018 A BIP revision meeting was held with Tisha Brick, all IEP team

members for Anthony Brick, administrators Mindy Lingnau and Karen Pai, and Vanessa

Gutierrez. Former School Resource Officer Mico Fernandez of Estancia Police

Department attended and participated in this meeting without the parent's permission and without the parent's knowledge until the day of the meeting. Mico Fernandez recorded the entire meeting with his cellphone without telling anyone.

53. Mico Fernandez in conjunction with several members of the team and administrators proceeded to conduct this 2-hour BIP revision meeting in almost every unlawful, unethical, and most coercive manner possible. Threats of assault charges towards Anthony Brick for being disabled, other unlawful District proposals toward Anthony Brick, intimidation tactics toward Tisha Brick, and unlawful/unethical conversations were had by Mico Fernandez and multiple team members as well as administrators.

54. Julie Morales was the person sitting closest to Mico Fernandez in the BIP meeting and was the person who informed Tisha Brick that he had recorded the whole meeting on his cellphone. If it weren't for her bravely speaking out to Tisha Brick about it, no one would have known that they had been recorded.

55. On January 19, 2018 after Tisha Brick made it clear to the school district via email that Mico Fernandez was not welcome in meetings nor welcome around Tisha Brick and Anthony Brick after his coercive behavior in the January 18, 2018 meeting, Mico Fernandez was present for the second round of the BIP revision meeting between EMSD and Tisha Brick. Tisha Brick became highly upset at the sight of Mico Fernandez sitting in the room, declined to hold another meeting with him present, and left the building to return borrowed documentation for the meeting to the school nurses office.

56. Mico Fernandez immediately followed Tisha Brick directly out of that meeting, proceeded to turn his lights on and attempted to give Tisha Brick a false citation just seconds after Tisha Brick left EMSD parking lot.

57. Tisha Brick engaged verbally with Mico Fernandez after he demanded that she stop walking toward the school about his continuous unwanted, harassing, and intimidating activity and demanded to review the false claim with Mico Fernandez in front of Chief Stephanie Reynolds immediately. Mico Fernandez claimed the Police Department was closed on Fridays and that wouldn't be possible to do. Tisha Brick demanded that Mico Fernandez either give the false citation or to state that Tisha Brick was free to go.

58. Mico Fernandez told Tisha Brick that she was free to go for the moment and proceeded to continue to harassingly follow her into the lower elementary school. When Tisha Brick exited the lower elementary Mico Fernandez followed her out of the building as well. Tisha Brick in fear for her safety at that time, called family for help but they were unsure of what to do.

59. Tisha Brick drove to CYFD office in Estancia to seek relief, to report what was happening, and to seek any form of help. The CYFD manager Michelle Hill and still current investigator Joaquin Morales were quite disturbed at Mico Fernandez and EMSD's actions. CYFD assured Tisha Brick she was welcome to stay in the office until Mico Fernandez left her alone and that they would document the incident but suggested Tisha Brick file an email complaint with Chief Stephanie Reynolds immediately for documentational purposes.

60. Tisha Brick filed a formal complaint on Mico Fernandez with Chief Reynolds via email immediately after the incident and was responded to by Chief Reynolds a few days later. Chief Reynolds sent a letter that among other things claimed that unless specific law statutes could be proven to have been violated, she found her officer to have done nothing wrong. The letter claimed he was invited to the meeting for staff safety purposes and

instructed to file a grievance through the town of Estancia in order for them to conduct a

90-day investigation which the results would be sent via email letter.

61. Tisha Brick was instructed by former legal counsel Gail Stewart not to do anything that

would interfere with her ability to obtain evidence on the school districts' actions

including following the chiefs' instructions. No report was able to be filed through the

town of Estancia.

62. On January 23, 2018 Joel Shirley sent out a retaliatory and unlawful 3-page letter which

alleged among many things, that Tisha brick verbally threatened the campus principal to

the point of breaking the law and district policy and ultimately banned Tisha Brick from

campus and having contact with 99 percent of the staff on campus. This letter also

coerced Tisha Brick into bringing Anthony back to school because an IEP and BIP were

"signed and in place". This letter contains similar wording of Mindy Lingnau's coercive

and threatening letters sent shortly before. The letter claimed if Anthony wasn't returned

to school by February 6, 2018 he would be deemed withdrawn.

63. A Due Process Hearing request was served by former counsel Gail Stewart to EMSD on

February 14, 2018.

64. Tisha Brick filed a complaint with the Office of Civil Rights on February 23, 2018. The

Office of Civil Rights Denver division assigned the case to Michael Germano around

April of 2018, who kept in touch with Tisha Brick off and on until August of 2018.

65. Michael Germano sent a letter via email to with OCR's "official findings" the night

before the Due Process Hearing which was August 24, 2018. Plaintiff requests a full

appeal on the "findings". These findings were the result of Mr. Germano simply making

phone calls to only some of the people who were directly linked to the complaints.

66. Rather than conducting a full investigation on the entire school district as he should have on behalf of OCR, Mr. Germano refused to give weight to the four-inch thick file of relevant evidence Tisha Brick provided. This evidence cost quite a bit of money to not only make copies of, but was also costly to pay to have it all shipped with insurance to OCR Denver Division at their request.

67. Mr. Germano states in his letter that he went primarily with verbal statements/allegations rather than any valid substantial evidence to justify his reason for finding no violations on the original complaint.

68. Mr. Germano admits on his letter issued in 2018 that he only made some phone calls to a few of the accused administrators, the school resource officer, allegedly looked at a few documents provided from the district, and talked to some unknown "community members" and used that for his reasoning of findings.

69. Documented evidence and testimony from the Due Process Hearing disproves every single one of Mr. Germano's findings. In fact, much of the evidence that was not allowed into the Due Process Hearing, newly discovered evidence, and facts would significantly go towards further disproving Mr. Germano's findings in conjunction with many of the false claims made by most of the defendants.

70. During the 2018 Due Process Hearing, all defendants who participated in the Hearing, except for 3-4 people, committed multiple acts of blatant perjury. Evidence from contradicting witness testimony, audio recording, and documentation substantiates this claim.

71. During the 2018 Due Process Hearing Evelyn Howard-Hand was caught by two public civilians "coaching" witness Mindy Lingnau while she was under oath and in the middle

of being directly examined by myself as the Pro Se Parent. The civilians provided

picture/video evidence along with going on record to testify to what they saw. Mindy

Lingnau's' continued testimony couldn't be completed without "looking to her lawyer for

answers" shortly after the incident happened, and the Hearing Officer verbally called her

out on it, which substantiated their claims.

72. During the 2018 Due Process Hearing after EMSD previously claimed they had no issues

about Anthony being on medical cannabis, in conjunction with other revealing evidence

and testimony, EMSD and legal counsel paid Donald Misch, an out-of-state psychiatrist

who never knew Anthony prior, but was given full access to Anthony's medical records,

to come testify against Anthony using THC for his medical condition.

73. In September of 2018 EMSD counsel Evelyn Howard-Hand and Lorie Gerkey sent Tisha

Brick a letter of settlement coercion with a deadline of response of October 12th, 2018,

followed by the threat of requiring EMSD to make a CYFD referral. Tisha Brick did not

respond to the letter at all and another highly malicious and false CYFD report was filed

in conjunction with a malicious referral to JPPO as well.

74. Tisha Brick hired Joe Campbell, former counsel to the Due Process Hearing matters, to

represent Tisha Brick on the malicious truancy matter, appeared with Tisha in Truancy

court along with the CYFD investigator Albert Lovato who was investigating Tisha Brick

on EMSDs' abuse and neglect allegations.

75. Tisha Brick called Deputy District Attorney Ray Sharbatt the Friday before she was

scheduled to appear in Truancy court. Tisha Brick tried to get the DA to understand she

was in legal proceedings with EMSD and their reports were malicious. Ray Sharbatt

stated he was shocked by the report even being filed, stated he would make some phone calls and get back to Tisha Brick.

76. Ray Sharbatt contacted Tisha Brick later that afternoon, he stated he spoke with EMSD, he spoke with NMPED and that "they all saw no legal reason why Anthony Brick shouldn't be in school or receiving homebound services", therefore, he stood by the decision to summon Tisha Brick to truancy court.

77. When Tisha Brick appeared in Truancy Court in November 2018, she met with Joe Campbell, Ray Sharbatt, and Joel Shirley in a private room. Some discussion was had as the some of the issues surrounding the legal proceedings and Joel Shirley proceeded to happily admit in front of all, that he had made the recent malicious CYFD call and admitted to having been personally biased towards Tisha Brick administering medical Cannabis in the form of "vaporization" to Anthony Brick.

78. An agreement was made in the Truancy Court hearing with Judge Murdoch presiding, that EMSD would upon Anthony Brick being re-enrolled in Estancia Municipal School District, pay for all of the necessary testing owed and due to Anthony Brick, so that a new IEP and BIP could be developed to meet all of his unique and individual needs. The parties also agreed to meet again in February 2019 to review the status of the legal proceedings between Tisha Brick and EMSD.

79. The parties also agreed that this was in no way, shape, or form to impact the legal proceedings, a was not an offer of settlement nor was it an agreement to return Anthony Brick physically to attending school.

80. The day after Tisha Brick went and enrolled Anthony Brick back into EMSD Tisha Brick requested a formal written agreement from Evelyn Howard-Hand and EMSD via email.

Evelyn Howard-Hand refused to honor the original agreement and changed the terms upon Anthony Brick's enrollment. Tisha Brick informed Evelyn Howard-Hand that if that was the case Tisha Brick would be disenrolling Anthony Brick from EMSD.

81. Evelyn Howard-Hand didn't respond, and therefore Tisha Brick followed through with disenrollment of Anthony Brick. Tisha Brick emailed Evelyn Howard-Hand to inform her of such action, to inform her of hiring Joe Campbell for the truancy matters and informed her that Tisha Brick would be temporarily seeking another school district who would be more willing to fully accommodate Anthony Brick and work with Tisha Brick without bias.

82. Tisha Brick received a letter of unsubstantiated findings On November 21, 2018 by CYFD investigator Albert Lovato on the allegations of educational neglect, drug exposed child, and other severe abuse and neglect.

83. Plaintiff requests the review of all CYFD/JPPO/DOH/State/Federal reports including the original intake forms filed against Tisha Brick and Anthony Brick by EMSD and at the documented requirement of representing counsel Evelyn Howard-Hand and Lorie Gerkey for intentional criminal and malicious acts of conspiracy, coercion, and abuse of process violating both Anthony Bricks' and Tisha Bricks' civil rights.

84. Plaintiff requests the court to review all blatant acts of perjury committed in the Due Process Hearing by all defendants who participated in the Hearing except for Chariti Sanchez, Julie Morales, and Joe DiRaddo. This goes towards proving that many of the defendants are not credible as the Hearing Officer has indicated in his decision of findings. This also goes towards disproving many of OCR's findings and the false statements given to OCR.

85. Plaintiff requests the court to review all retaliation and discrimination issues the hearing officer did not consider, the issues that he did not have jurisdiction over in the due process hearing, and the issues in which OCR failed to appropriately investigate.

86. Plaintiff requests the court to review the intentional mass conspiracy to commit abuse of process, the intentional acts of committing abuse of process, intentional character harm of Tisha Brick and Anthony Brick, false accusations of criminal activity by Tisha Brick, and the violations of Anthony Brick's and Tisha Bricks' civil rights by Evelyn Howard-Hand, Lorie Gerkey, Deputy District Attorney Ray Sharbatt, Joel Shirley, Athena Trujillo, Karen Pai, Mindy Lingnau, Danielle Trujillo, Aimee Watts, India Encinas, Vanessa Gutierrez, Stephanie Reynolds, and Mico Fernandez.

87. Plaintiff requests the court to review the failure of the State of New Mexico, The New Mexico Public Education Department, and the Office of Civil Rights to uphold the lawful rights of the parent Tisha Brick while engaged in federally protected activities, failure to enforce Federal laws which are intended to fully protect the disabled child and their advocate, failure to implement laws in the state medical cannabis program which allow full participation and prevent discrimination and or retaliation upon caregivers and patients, failure of proper constituent assistance, failure to advocate for Tisha and Anthony Brick, failure to intervene on behalf of a mother and her disabled son being openly discriminated and retaliated against, and failure of lawfully reprimanding and/or holding accountable all those in this case who have repeatedly and intentionally used their licenses and positions of power to abuse the system to coerce a mother and her disabled child and deny them their rights under all parts of the federal law.

88. Plaintiff requests the admittance of any and all evidence, including the evidence barred from the Due Process Hearing, surrounding the case that has a semblance of relevancy towards proving the facts of the case to be admitted for review and consideration. The forms of evidence include but are not limited to: all emails between plaintiff and defendants, all documentation, text messages, a digital audio recording, a written transcription of the audio recording, CYFD reports and all documentation relevant to them, JPPO reports and all documentation relevant to them, screenshots, all EMSD and Plaintiff documentation from the Due Process Hearing, Due Process hearing transcripts, affidavits, and fact supporting media articles. This request is supported by § U.S.C. 1415 (i)(2)(C)(ii), and plaintiff also attaches with this complaint 3 articles of supportive case law for reference.

89. Plaintiff requests the court to consider that Tisha Brick is a Pro Se Parent and not an attorney. Plaintiff also requests guidance from the court on the procedural matters of this Court.

Respectfully Submitted on this 7th Day of December 2018,

Tisha Brick Pro Se Plaintiff

 and on behalf of minor Anthony Brick

(505) 910-6106

tbrick2009@live.com

PO BOX 1082

Estancia NM 87016


I herby Certify that a copy of this complaint was emailed to Hearing Officer Morgan

Lyman, Evelyn Howard-Hand and Lorie Gerkey of Walsh Gallegos Treviño Russo Kyle

P.C. on this 7th Day of December 2018.