IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TISHA BRICK, on behalf of herself
and on behalf of Student A.B.,

       Plaintiff,

v.                                                           No. 1:18-cv-01143-JCH-JHR

ESTANCIA MUNICIPAL SCHOOL DISTRICT, et al.,

       Defendants

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, [Doc. 3], filed December 7, 2018, on Plaintiff's Motion to Request Electronic Filing, [Doc. 5], filed December 10, 2018, on Plaintiff's Emergency Motion to Request Status Hearing, [Doc. 28], filed February 19, 2019, and on Plaintiff's Motion to Request Case Status Conference, [Doc. 37], filed May 2, 2019.

**Application to Proceed** *in forma pauperis*

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended

for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed an affidavit stating she is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff's monthly income is $820; (ii) Plaintiff is unemployed; (iii) Plaintiff's monthly expenses total $800.00; (iv) Plaintiff has $80.00 in a checking account; and (v) Plaintiff's 11-year-old son relies on Plaintiff for support. The Court finds that Plaintiff is unable to pay the costs of this proceeding because her monthly expenses approximately equal her monthly income, she is unemployed and she only has a small amount of money in a bank account.

**Service on Defendants**

Plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915 which provides that the "officers of the court shall issue and serve all process and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). The Court will not order service at this time because Plaintiff has not provided the addresses of Defendants. The Court will order service if Plaintiff files a motion for service which provides the addresses of Defendants.

**Motion for Leave to File Electronically**

Plaintiff seeks leave to file electronically to avoid the costs of mailing documents to the 10 Defendants. No responses opposing the motion have been filed. The Court grants the motion.

Registration, technical, and procedural guidelines for e-filing are set out in the Court's CM/ECF Administrative Procedures Manual.

**Motions for Status Conference**

Plaintiff has filed two motions for a status conference regarding her Application to Proceed in District Court Without Prepaying Fees or Costs. *See* [Doc. 28; Doc. 37]. The Court, having granted Plaintiff's Application, denies the motions for a status conference as moot.

IT IS ORDERED that:

(i) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, [Doc. 3], filed December 7, 2018, is GRANTED.

(ii) Plaintiff's Motion to Request Electronic Filing, [Doc. 5], filed December 10, 2018, is GRANTED.

(iii) Plaintiff's Emergency Motion to Request Status Hearing, [Doc. 28], filed February 19, 2019, is DENIED as moot.

(iv) Plaintiff's Motion to Request Case Status Conference, [Doc. 37], filed May 2, 2019, is DENIED as moot.

_____
JERRY H. RITTER
UNITED STATES MAGISTRATE JUDGE