IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TISHA BRICK, and
A.B.,

      Plaintiffs,

v.                                                     No. 1:18-cv-01143-JCH-JHR

ESTANCIA MUNICIPAL SCHOOL DISTRICT;
EVELYN HOWARD-HAND, Estancia Municipal School
District Legal Counsel;
LORIE GERKEY, Walsh Gallegos Trevino Russo & Kyle P.C.;
STEPHANIE REYNOLDS, Chief, Estancia Police Department;
MICO FERNANDEZ, Officer, Estancia Police Department;
VANESSA GUTIERREZ, Triple A Participant Self Direction LLC.;
STATE OF NEW MEXICO;
NEW MEXICO PUBLIC EDUCATION DEPARTMENT;
THE OFFICE OF CIVIL RIGHTS DENVER DIVISION;
RAY SHARBATT, Deputy District Attorney;

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on:

(i)     Defendants Evelyn Howard-Hand and Lorie Gerkey's Motion to Dismiss for Failure to State a Claim, Doc. 15, filed December 28, 2018

(ii)    Estancia Municipal School District's Motion to File the Due Process Hearing Administrative Record Under Seal, Doc. 24, filed January 30, 2019

(iii)   Estancia Municipal School District's Motion to Dismiss Plaintiff's Complaint, Doc. 26, filed February 12, 2019

(iv)   Plaintiff's Emergency Motion to Request Status Conference, Doc. 41, filed June 21, 2019

(v)    Plaintiff's Motion to Withdraw, Doc. 42, filed June 21, 2019

(vi)   Plaintiff's First Motion to Amend/Correct Original Complaint, Doc. 43, filed June 21, 2019

(vii) Defendant Estancia Municipal School District's Motion to Strike Plaintiff's Notice of Completion of Briefing (Amended), Doc. 45, filed June 27, 2019

(viii) Plaintiff's Second Emergency Motion to Request Status Conference, Doc. 50, filed August 26, 2019.

Plaintiff Tisha Brick ("Plaintiff") is proceeding *pro se* on her own behalf and on behalf of her son, Plaintiff A.B.

**Background**

Plaintiff A.B., a former student of Estancia Municipal School District ("EMSD"), "has a legal Doctor's recommendation to be given Medical Cannabis daily as a necessary routine medication for mental health management." Complaint ¶¶ 4, 6 at 3. Plaintiff Tisha Brick "has been and currently is the legal caregiver under the Medical Cannabis Program" and "is the primary responsible person for managing and administering the medication for minor [A.B.] including when he needed PRN administered at school." Complaint ¶ 7 at 3. A.B. "was involuntarily withdrawn from EMSD by EMSD . . . on February 6, 2018 after months of an unresolved educational dispute between [Plaintiff] and EMSD." Complaint ¶ 8 at 3. Plaintiff participated in a Due Process Hearing "against EMSD" in August 2018. Complaint ¶¶ 9 at 3.

Plaintiff alleges that Defendants "violat[ed] multiple Federal laws toward both the student [A.B.] and the Parent Tisha Brick. The laws violated appear to fall primarily under Section 504 [of the Rehabilitation Act], ADA [Americans with Disabilities Act], and IDEA [Individuals with Disabilities in Education Act]." Complaint at 2.

Defendants Howard-Hand and Gerkey, and Defendant EMSD filed motions to dismiss the Complaint for failure to state a claim. *See* Doc. 15, filed December 28, 2018; Doc. 26, filed February 12, 2019. The motions to dismiss argue that Plaintiff fails to state claims under

Section 504 of the Rehabilitation Act, the ADA, and the IDEA, and that Plaintiff cannot assert claims on behalf of her son.

Plaintiff subsequently filed a motion to amend her Complaint. *See* Doc. 43, filed June 21, 2019.

**Motions to Dismiss**

Defendants Howard-Hand and Gerkey, of Walsh Gallegos Treviño Russo & Kyle P.C., are "EMSD Legal Counsel." Complaint at 1. Their motion to dismiss asserts that Plaintiff fails to state a claim under: (i) Section 504, because Howard-Hand and Gerkey are not recipients of public funding; (ii) the ADA, because Howard-Hand and Gerkey are not public entities; and (iii) the IDEA, because Howard-Hand and Gerkey are private entities. Doc. 15 at 3-5.

Defendant EMSD's motion to dismiss asserts that Plaintiff fails to state a claim under: (i) the IDEA, because Plaintiff "fail[ed] to identify the issues or state how and why she is aggrieved by the [Due Process Hearing Officer]'s findings and decision;" and (ii) Section 504 and the ADA, because Plaintiff does not allege that she is a qualified individual with a disability. Doc. 26 at 8-15.

Both motions seek dismissal of the claims Plaintiff asserts on behalf of her son because Plaintiff is not an attorney.[1]

**Dismissal of Claims Asserted on Behalf of Plaintiff A.B.**

The Court dismisses all the claims Plaintiff asserts on behalf of her son, A.B., without prejudice because "[a] litigant may bring his own claims to federal court without counsel, but not the claims of others." *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000).

---

[1] Plaintiff states she is "not an attorney." Complaint at 22; Response at 2, Doc. 16, filed December 31, 2018.

**Section 504 of the Rehabilitation Act**

Section 504 of the Rehabilitation Act ("Section 504") provides: "No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance" 29 U.S.C. § 794(a). "A prima facie case under § 504 consists of proof that (1) plaintiff is handicapped under the Act; (2) he is 'otherwise qualified' to participate in the program; (3) the program receives federal financial assistance; and (4) the program discriminates against plaintiff." *Hollonbeck v. U.S. Olympic Committee*, 513 F.3d 1191, 1194 (10th Cir. 2008).

The Complaint and the proposed amended complaint fail to state a claim under Section 504 of the Rehabilitation Act because they do not allege that Plaintiff "is handicapped under the Act."

**Americans with Disabilities Act**

The Americans with Disabilities Act ("ADA") provides: "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. "To have a viable claim [under 42 U.S.C. § 12132], a plaintiff must prove:

(1) that he or she is a qualified individual with a disability;

(2) that he or she was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and

(3) that such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability.

*J.V. v. Albuquerque Public Schools*, 813 F.3d 1289, 1295 (10th Cir. 2016).

The Complaint and the proposed amended complaint fail to state a claim under the Americans with Disabilities Act because they do not allege that Plaintiff "is a qualified individual with a disability."

**Individuals with Disabilities in Education Act**

The Individuals with Disabilities in Education Act ("IDEA") "provides federal money to assist state and local agencies in educating handicapped children, and conditions such funding upon a State's compliance with [its] extensive goals and procedures." *Ellenberg v. New Mexico Military Institute*, 478 F.3d 1262, 1268 (10th Cir. 2007). "Any State educational agency, State agency, or local educational agency that receives assistance under this subchapter shall establish and maintain procedures in accordance with this section to ensure that children with disabilities and their parents are guaranteed procedural safeguards with respect to the provision of a free appropriate public education by such agencies." 20 U.S.C. § 1415(a).

The IDEA provides that a parent involved in an administrative complaint "shall have an opportunity for an impartial due process hearing, which shall be conducted by the State educational agency or by the local educational agency." 20 U.S.C. § 1415(f)(1)(A). "Any party aggrieved by the findings and decision made" following a due process hearing "shall have the right to bring a civil action . . . in a district court of the United States." 20 U.S.C. § 1415(i)(2)(A).

> By statute, Congress has set out rather unique rules governing the review of liability in IDEA claims. Unlike the deferential review typically afforded to administrative adjudication of statutory claims, Congress requires district courts to apply a modified *de novo* standard when reviewing agency disposition in the IDEA context. *See* 20 U.S.C. § 1415(i)(2)(C); *Murray v. Montrose County Sch. Dist.,* 51 F.3d 921, 927 (10th Cir.1995). Specifically, the district court must (1) receive the record of the administrative proceedings, (2) hear additional evidence at the request of a party, and (3) base its decision on the preponderance of evidence. 20 U.S.C. § 1415(i)(2)(C). At the same time, though the statute specifies that review is *de novo,* the Supreme Court has interpreted the requirement that the district court receive the administrative record to mean that "due weight" must be given to the administrative proceedings, *Bd. of Educ. v. Rowley,* 458 U.S. 176, 206, 102 S.Ct. 3034, 73 L.Ed.2d

5

> 690 (1982), the fact findings of which are "considered *prima facie* correct," *L.B. ex rel. K.B. v. Nebo Sch. Dist.,* 379 F.3d 966, 974 (10th Cir.2004). On appeal of the district court's judgment on the record, we are bound to apply these very same principles of review. *Nebo Sch. Dist.,* 379 F.3d at 974.
>
> Bearing this standard of review in mind, we turn to the two-step inquiry set out by the Supreme Court as our test for assessing liability: (1) Has the school district complied with the procedures set forth in IDEA? (2) Are the special education services provided to the student reasonably calculated to enable the child to receive educational benefits—or in other words, has the school district fulfilled its obligation to provide the student with a FAPE [free and appropriate public education]? *Rowley,* 458 U.S. at 206–07, 102 S.Ct. 3034.

*Garcia v. Board of Educ. of Albuquerque Public Schools*, 520 F.3d 1116, 1125 (10th Cir. 2008).

Defendant EMSD moves to dismiss Plaintiff's IDEA cause of action stating the Complaint "does not, even if read liberally, state a plausible claim for relief or provide any notice to the defendants of what, specifically, is to be reviewed," and "she does not allege any supporting facts or identify specific disputed issues." Doc. 26 at 8-9.

The Court denies Defendant EMSD motion to dismiss Plaintiff's IDEA cause of action because Plaintiff states a plausible claim for relief. The IDEA grants a party who is aggrieved by the findings and decisions made after a due process hearing, the right to bring a civil action in federal court asking the court to review the administrative record and determine whether the school district fulfilled its obligation to provide the student with a free and appropriate public education. *See* 20 U.S.C. § 1514(i)(2)(A, C); *Garcia v. Board of Educ. of Albuquerque Public Schools*, 520 F.3d 1116, 1125. Plaintiff states she is aggrieved by the decision of the Due Process Hearing Officer and identifies the disputed issues in the decisions made after the due process hearing to be reviewed. *See* Complaint at 4, ¶ 12. ("Plaintiff is aggrieved by the Hearing Officer's decisions that do not find a denial of [free and appropriate public education]").

The Complaint and proposed amended complaint fail to state a claim pursuant to the IDEA against the other Defendants because it does not allege that any of those Defendants are a "State

6

educational agency, State agency, or local educational agency that receives assistance under" the IDEA. 20 U.S.C. § 1514(a).

**Retaliation**

>Plaintiff states a plausible claim for retaliation under the IDEA:
>
>After almost two full school years of it being allowed and after the parent began advocacy for [A.B.'s] educational rights to be reviewed and lawfully upheld, on November 16, 2017 [Defendant Principal] Mindy Lingnau and [Defendant Special Education Director] Karen Pai in an act of retaliation to the advocacy, announced to the IEP team in an EDT meeting without parent present, that they would no longer allow Anthony Brick to be administered his medical cannabis by [Plaintiff] Tisha Brick on or near school grounds due to claims of allegedly being at sudden risk of violating state and federal laws which allegedly prohibit the allowance of medically prescribed cannabis on school premises and within 300 feet of school premises.
>. . . .
>On January 23, 2018 [Defendant Superintendent] Joel Shirley sent out a retaliatory and unlawful 3-page letter which . . . ultimately banned Tisha Brick from campus and having contact with 99 percent of the staff on campus.

Complaint at 10, ¶ 37; 16, ¶ 62. *See Weber v. Cranston School Committee*, 212 F.3d 41, 51 (10th Cir. 2000) (stating "The IDEA statement of purposes explicitly recognizes the statute's mission 'to ensure that the rights of children with disabilities *and parents of such children* are protected,'" and finding that parent's claim that school committee retaliated against her for complaints regarding education of her child fell within the zone of interests protected by the IDEA, in light of the central role played by parents in assuring that their disabled children receive fee appropriate public education) (*emphasis in original*).

**Motion to Amend Complaint**

The factual allegations in the proposed amended complaint are substantially the same as those in the original Complaint, with the proposed amended complaint containing some new factual allegations providing a little additional detail to the allegations in the original Complaint. *See* Doc. 43-1. The primary difference between the original Complaint and the proposed amended

7

complaint is the proposed amended complaint contains 40 counts identifying specific causes of action which were not specifically identified in the original Complaint. Those counts include five causes of action arising under federal law: (i) Count 1 - Criminal Conspiracy (ii) Count 3 - IDEA Violations; (iii) Count 4 - ADA Violations; (iv) Count 5 - Section 504 Violations; and (v) Count 40- HIPPA Violations.

The Court denies Plaintiff's First Motion to Amend/Correct Original Complaint, Doc. 43, filed June 21, 2019, because the proposed amendment is futile. *See Foman v. Davis,* 371 U.S. 178, 182 (1962) (holding that leave to amend need not be freely given when amendment would be futile). *DeHaan v. United States*, 3 Fed.Appx. 729, 731 (10th Cir. 2001) ("A proposed amendment is futile if the complaint, as amended, would be subject to dismissal").

As discussed above, the proposed amended complaint fails to state a claim pursuant to Section 504 and the ADA because it does not allege that Plaintiff is handicapped or a qualified individual with a disability. The proposed amended complaint also fails to state a claim pursuant to the IDEA against all Defendants, except Defendant EMSD, because it does not allege that any of those Defendants are a "State educational agency, State agency, or local educational agency that receives assistance under" the IDEA. 20 U.S.C. § 1514(a).

Plaintiff's proposed amendment to assert a cause of action for criminal conspiracy is futile "because the criminal statutes do not provide for private civil causes of action." *Kelly v. Rockefeller*, 69 Fed.Appx. 414, 415-416 (10th Cir. 2003).

Plaintiff's proposed amendment to assert a cause of action for a HIPAA violation is futile because "HIPAA does not create a private right of action for alleged disclosures of confidential medical information." *Wilkerson v. Shinseki*, 606 F.3d 1256, 1257 n.4 (10th Cir. 2010).

Plaintiff also proposes four amendments asserting other causes of action but does not indicate whether she is asserting them under state or federal law, or both: (i) Count 18 - Civil Rights Violations; (ii) Count 22 - Retaliation; (iii) Count 23 - Discrimination; and (iv) Count 28 - Depr[i]vation of Rights.

Those proposed amendments regarding civil rights violations and deprivation of rights are futile because the allegations of civil rights violations are conclusory and Plaintiff does not identify the rights she believes were violated. *See* Proposed Amended Complaint ¶ 126 at 30, ¶ 129 at 31, Count 18 at 45, Count 28 at 52-53, Doc. 43-1; *see Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, *what specific legal right the plaintiff believes the defendant violated*.") (*emphasis added*).

The proposed amendment regarding retaliation is futile because it does not state any additional claims beyond those that the Court has already recognized. *See* Proposed Amended Complaint ¶ 19 at 7, ¶ 21 at 8, ¶ 63 at 17, ¶ 102 at 26, ¶ 128 at 31, ¶ 130 at 32, Count 18 at 45, Count 22 at 48, Doc. 43-1;

The proposed amendment regarding discrimination is futile because Plaintiff does not allege she is a member of a protected class or that the adverse actions were the result of intentional discrimination based upon protected class characteristics. *See* Proposed Amended Complaint ¶ 21 at 8, ¶ 128 at 31, ¶ 130 at 32, Count 18 at 45, Count 23 at 48-49, Doc. 43-1.

**Plaintiff's Motions for Status Conference**

Plaintiff has filed two motions requesting a status conference regarding her motion to amend her Complaint. *See* Doc. 41, filed June 21, 2019; Doc. 50, filed August 26, 2019. Because

9

the Court is denying Plaintiff's motion to amend the Complaint, the Court denies the motions for a status conference as moot.

**EMSD's Motion to File the Due Process Hearing Administrative Record Under Seal**

Any party aggrieved by the findings and decisions made after a due process hearing may bring a civil action in a district court of the United States. See 20 U.S.C. § 1415(i)(2)(A). In such actions, the court "shall receive the records of the administrative proceedings." 20 U.S.C. § 1415(i)(2)(C)(i). Defendant EMSD states it "is in possession of these records and thus must submit them to the court." Doc. 24 at 2. Defendant EMSD "considers many of these documents to be confidential" and asserts that "schools may not release this information without written consent of the parents" pursuant to the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g (b)(1). Doc. 42 at 3. Defendant EMSD also asserts that Plaintiff has not provided "[p]roper written consent." Doc. 42 at 3.

Plaintiff objects to Defendant EMSD's Motion to file the due process hearing administrative record under seal stating she wants to "maintain transparency and accountability" and that the "student's name can and will be continued to be in the form of initials and the student's medical identification numbers should automatically be redacted from the record for basic confidentiality purposes." Doc. 23 at 2, filed January 28, 2019. Defendant EMSD states that many portions of the documents in the records "were not redacted and refer to the student by his entire named [and] EMSD cannot alter the record before submitting it to the court for review." Doc. 24 at 3. Defendant EMSD also states that the "record includes six days of testimony and numerous documents, most of which contain sensitive personal information, including FERPA protected information [and] Redacting this information before filing the record would be overly burdensome and time consuming, making it difficult to file the record in a timely manner." Doc. 24 at 3-4.

10

Plaintiff has not shown that the student's parents have provided the proper written consent to release the confidential educational records.

The Court grants Defendant EMSD's Motion to File the Due Process Hearing Administrative Record Under Seal. Plaintiff may file a motion to unseal the administrative record after showing the parents have provided the appropriate written consent pursuant to FERPA and any other applicable laws providing privacy protections, or to file an unsealed redacted record.

**Stay of State Law Claims**

The Court stays proceedings on Plaintiff's state law claims. *See Helget v. City of Hays, Kansas*, 844 F.3d 1216, 1226 n.6 (10th Cir. 2017) ("Federal courts possess the inherent powers necessary 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases'") (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)). Plaintiff names 26 defendants in this case. The only federal law claims remaining in this case are Plaintiff's IDEA claim against Defendant EMSD, which requires a review of the administrative record and the hearing of new evidence, and Plaintiff's retaliation claims. The Parties have not spent a great deal of time on the state law claims; only three Defendants have appeared in this case, Defendants Howard-Hand, Gerkey and EMSD.

"The Supreme Court has instructed that 'a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims.'" *Merrifield v. Board of County Com'rs for County of Santa Fe*, 654 F.3d 1073, 1085 (10th Cir. 2011) (quoting *Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 350 (1988)). " Courts should be cautious when exercising supplemental jurisdiction over state law claims because "'[n]otions of comity and federalism demand that a state court try its own lawsuits,

absent compelling reasons to the contrary.'" *Villalpando ex rel. Villalpando v. Denver Health and Hospital Authority*, 65 Fed.Appx. 683, 688 (10th Cir. 2004) (quoting *Ball v. Renner,* 54 F.3d 664, 669 (10th Cir.1995)). "If . . . the parties have not shown they have spent a great deal of time on the state law claims, the 'district court should normally dismiss supplemental state law claims after all federal claims are dismissed ... before trial.'" *Villalpando ex rel. Villalpando v. Denver Health and Hospital Authority*, 65 Fed.Appx. at 688 (quoting *United States v. Botefuhr,* 309 F.3d 1263, 1273 (10th Cir.2002)); *see also* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction.").

The Court will decline to exercise supplemental jurisdiction over Plaintiff's state-law claims after ruling on Plaintiff's sole federal law claim. Staying proceedings on Plaintiff's state law claims until the Court rules on the two claims over which it has jurisdiction, then declining to exercise supplemental jurisdiction over the state law claims, will conserve resources for the Court, which has a very high case load, and conform with the notions of comity and federalism which "demand that a state court try its own lawsuits, absent compelling reasons to the contrary."

**Motions Regarding Notice of Completion of Briefing**

Plaintiff filed a Notice of Completion of Briefing (Amended) on June 21, 2019. *See* doc. 44. Defendant EMSD filed a Motion to Strike Plaintiff's Notice of Completion of Briefing (Amended) on the grounds that Plaintiff's Notice contains inaccurate statements and implies that the subject motion is ready for decision. *See* Doc. 45, filed June 27, 2019. Because Plaintiff has filed a Motion to Withdraw her Notice of Completion of Briefing, Doc. 45, filed June 21, 2019, the Court grants Plaintiff's Motion to Withdraw her Notice of Completion of Briefing and denies EMSD's Motion to Strike as moot.

**IT IS ORDERED** that:

(i) Plaintiff A.B.'s claims against all Defendants are **DISMISSED without prejudice.**

(ii) Plaintiff's First Motion to Amend/Correct Original Complaint, Doc. 43, filed June 21, 2019, is **DENIED.**

(iii) Plaintiff's Emergency Motion to Request Status Conference [regarding request to amend complaint], Doc. 41, filed June 21, 2019, is **DENIED as moot.**

(iv) Plaintiff's Second Emergency Motion to Request Status Conference [regarding request to amend complaint], Doc. 50, filed August 26, 2019, is **DENIED as moot.**

(v) Defendants Evelyn Howard-Hand and Lorie Gerkey's Motion to Dismiss for Failure to State a Claim, Doc. 15, filed December 28, 2018, is **GRANTED in part.** Plaintiff Tisha Brick's claims pursuant to Section 504 of the Rehabilitation Act, the Americans with Disabilities Act, and the Individuals with Disabilities in Education Act against Defendants Howard-Hand and Gerkey are **DISMISSED with prejudice.** To the extent the Complaint asserts state law claims against Defendants Howard-Hand and Gerkey, the Court stays proceedings on those claims.

(vi) Estancia Municipal School District's Motion to Dismiss Plaintiff's Complaint, Doc. 26, filed February 12, 2019, is **GRANTED in part.** Plaintiff Tisha Brick's claims pursuant to Section 504 of the Rehabilitation Act and the Americans with Disabilities Act against Defendant Estancia Municipal School District are **DISMISSED with prejudice.** The Court **DENIES** Estancia Municipal School District's motion to dismiss Plaintiff's claim pursuant to the Individuals with Disabilities in Education Act. To the extent the Complaint asserts state law claims

against Defendant Estancia Municipal School District, the Court stays proceedings on those claims.

(vii) Estancia Municipal School District's Motion to File the Due Process Hearing Administrative Record Under Seal, Doc. 24, filed January 30, 2019, is **GRANTED.**

(viii) Plaintiff's Motion to Withdraw [Notice of Completion of Briefing], Doc. 42, filed June 21, 2019, is **GRANTED.**

(ix) Defendant Estancia Municipal School District's Motion to Strike Plaintiff's Notice of Completion of Briefing (Amended), Doc. 45, filed June 27, 2019, is **DENIED as moot.**

(x) Plaintiff Tisha Brick's federal law claims against all Defendants, except Defendants Howard-Hand, Gerkey, Estancia Municipal School District, Lingnau, Pai and Shirley, are **DISMISSED with prejudice.**

(xi) Proceedings on Plaintiff Tisha Brick's state law claims are stayed.

_____
**UNITED STATES DISTRICT JUDGE**