# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

TISHA BRICK, and
A.B.,

      Plaintiffs,

v.                                                                          No. 1:18-cv-01143-JCH-JHR

ESTANCIA MUNICPAL SCHOOL DISTRICT, et al.,

      Defendants.

## ORDER OF CLARIFICATION

**THIS MATTER** comes before the Court on Defendants' Joint Motion for Reconsideration and/or Clarification of this Court's September 18, 2019 Memorandum Opinion and Order, Doc. 57, filed September 24, 2019 ("Order").

Plaintiff Tisha Brick asserted claims on behalf of herself and her son, A.B., pursuant to Section 504 of the Rehabilitation Act ("Section 504"), the Americans with Disabilities Act ("ADA"), and the Individuals with Disabilities in Education Act ("IDEA"), and for retaliation, along with various state law claims. The Court dismissed without prejudice the claims Plaintiff Tisha Brick asserted on behalf of her son because Plaintiff Tisha Brick, who is not an attorney, cannot bring claims on behalf of others. *See* Order at 3. The Court dismissed Plaintiff Tisha Brick's claims pursuant to Section 504 and the ADA as to all Defendants because Plaintiff Tisha Brick is not handicapped. *See* Order at 4-5. The Court dismissed Plaintiff Tisha Brick's claims pursuant to the IDEA as to all Defendants except for Estancia Municipal School District because the Complaint did not allege that those Defendants are a State educational agency, State agency, or local educational agency that receives assistance under the IDEA. *See* Order at 6-7. The Court

concluded that Plaintiff Tisha Brick stated a plausible claim for retaliation under the IDEA. *See* Order at 8.

The decretal language in the Order stated in relevant part: "Plaintiff Tisha Brick's federal law claims against all Defendants, except Defendants Howard-Hand, Gerkey, Estancia Municipal School District, Lingnau, Pai and Shirley, are **DISMISSED with prejudice.**" Order at 14. Defendants move the Court to reconsider and/or clarify its Order.

In addressing Plaintiff Tisha Brick's retaliation claims, the Court stated:

> Plaintiff states a plausible claim for retaliation under the IDEA:
>
> After almost two full school years of it being allowed and after the parent began advocacy for [A.B.'s] educational rights to be reviewed and lawfully upheld, on November 16, 2017 [Defendant Principal] Mindy Lingnau and [Defendant Special Education Director] Karen Pai in an act of retaliation to the advocacy, announced to the IEP team in an EDT meeting without parent present, that they would no longer allow Anthony Brick to be administered his medical cannabis by [Plaintiff] Tisha Brick on or near school grounds due to claims of allegedly being at sudden risk of violating state and federal laws which allegedly prohibit the allowance of medically prescribed cannabis on school premises and within 300 feet of school premises.
> . . . .
> On January 23, 2018 [Defendant Superintendent] Joel Shirley sent out a retaliatory and unlawful 3-page letter which . . . ultimately banned Tisha Brick from campus and having contact with 99 percent of the staff on campus.
>
> Complaint at 10, ¶ 37; 16, ¶ 62. *See Weber v. Cranston School Committee*, 212 F.3d 41, 51 (10th Cir. 2000) (stating "The IDEA statement of purposes explicitly recognizes the statute's mission 'to ensure that the rights of children with disabilities *and parents of such children* are protected,'" and finding that parent's claim that school committee retaliated against her for complaints regarding education of her child fell within the zone of interests protected by the IDEA, in light of the central role played by parents in assuring that their disabled children receive fee appropriate public education) (*emphasis in original*).

Order at 7. The Court inadvertently failed to include the following factual allegations:

> In September of 2018 EMSD counsel [Defendants] Evelyn Howard-Hand and Lorie Gerkey sent [Plaintiff]Tisha Brick a letter of settlement coercion with a

> deadline of response of October 12th, 2018, followed by the threat of requiring EMSD to make a CYFD referral. [Plaintiff] Tisha Brick did not respond to the letter at all and another highly malicious and false CYFD report was filed in conjunction with a malicious referral to JPPO as well.

Complaint at 18, ¶ 73. The Court also inadvertently did not state that Plaintiff Tisha Brick stated a plausible claim for retaliation under Section 504 and the ADA against Defendants Howard-Hand, Gerkey, Lingnau, Pai and Shirley. *See Jarvis v. Potter*, 500 F.3d 1113, 1125 (10th Cir. 2007) (stating "the Rehabilitation Act, like the ADA, prohibits retaliation for protected conduct," and quoting an ADA provision, which is cross-referenced in the Rehabilitation Act and states: "No person shall discriminate against *any* individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.") (*emphasis added*); *see* also *Reinhardt v. Albuquerque Public Schools Board of Education*, 595 F.3d 1126, 1131 (10th Cir. 2010) (stating a teacher can establish a prima facie case of retaliation under the ADA based on her advocacy for the rights of disabled students upon showing she engaged in protected activity, she suffered a materially adverse action, and a causal connection between the protected activity and the adverse action); *Vives v. Fajardo*, 472 F.3d 19, 21 (1st Cir. 2007) ("Under the Rehabilitation Act, the [parents] may assert a retaliation claim based on [their] complaint to the Office of Civil Rights on behalf of [their] son, even though neither [parent is] disabled"). Construing the Complaint liberally, as the Court must because Plaintiff Tisha Brick is *pro se*, Plaintiff Tisha Brick has stated plausible claims for retaliation under Section 504 and the ADA against Defendants Howard-Hand, Gerkey, Lingnau, Pai and Shirley.

**IT IS ORDERED** that Defendants' Joint Motion for Reconsideration and/or Clarification of this Court's September 18, 2019 Memorandum Opinion and Order, Doc. 57, filed September 24, 2019, is **GRANTED in part.** The remaining federal claims are:

(i) Retaliation under Section 504 of the Rehabilitation Act against Defendants Howard-Hand, Gerkey, Lingnau, Pai and Shirley.

(ii) Retaliation under the Americans with Disabilities Act against Defendants Howard-Hand, Gerkey, Lingnau, Pai and Shirley.

(iii) Review of the administrative record and retaliation under the Individuals with Disabilities in Education Act against Defendant Estancia Municipal School District.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**