# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

TISHA BRICK, and
A.B.,

      Plaintiffs,

v.                                                                                          No. 1:18-cv-01143-JCH-JHR

ESTANCIA MUNICPAL SCHOOL DISTRICT, et al.,

      Defendants.

### MEMORANDUM OPINION AND ORDER DENYING MOTION TO RECONSIDER

**THIS MATTER** comes before the Court on Plaintiff's Motion to Request Reclarification and/or Reconsideration, Doc. 71, filed December 18, 2019 ("Motion to Reconsider"), and Plaintiff's Motion to Request Emergency Case Status Conference, Doc. 78, filed January 29, 2019.

Plaintiff Tisha Brick asserted claims on behalf of herself and her son, A.B., pursuant to Section 504 of the Rehabilitation Act ("Section 504"), the Americans with Disabilities Act ("ADA"), and the Individuals with Disabilities in Education Act ("IDEA"), and for retaliation, along with various state law claims. The Court dismissed without prejudice the claims Plaintiff Tisha Brick asserted on behalf of her son because Plaintiff Tisha Brick, who is not an attorney, cannot bring claims on behalf of others. *See* Mem. Op. and Order at 3, Doc. 53, filed September 18, 2019. The Court dismissed Plaintiff Tisha Brick's claims pursuant to Section 504 and the ADA as to all Defendants because Plaintiff Tisha Brick is not handicapped. *See* Order at 4-5. The Court dismissed Plaintiff Tisha Brick's claims pursuant to the IDEA as to all Defendants except for Estancia Municipal School District because the Complaint did not allege that those Defendants are a State educational agency, State agency, or local educational agency that receives assistance under

the IDEA.  *See* Order at 6-7.  The Court concluded that Plaintiff Tisha Brick stated a plausible claim for retaliation under the IDEA.  *See* Order at 8.

**Motion to Reconsider**

> Plaintiff asks the Court to:
>
> consider that it may have made an error in their ruling that Plaintiff does not have claims against all defendants under federal claims after dismissing all claims on behalf of A.B., after denying Plaintiff their proposed amendment, claiming this is because Plaintiff is not a member of a protected class, and by dismissing the claims with Prejudice without having reviewed the administrative record, without having heard additional evidence, without having addressed the aggrieved party and their issues, and without have had any procedural hearings such as evidentiary hearings and/or discovery.

Motion to Reconsider at 2.

"A court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice."  *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 817 (1988).  "[A] motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."  *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

The Court denies Plaintiff's Motion to Reconsider.  Plaintiff asks the Court to revisit issues the Court has already addressed and advances arguments that could have been raised in prior briefing.  For example, some Defendants moved to dismiss the claims Plaintiff brought on behalf of her son because a party proceeding *pro se* may not represent another party.  *See* Doc. 15, filed December 28, 2018.  The Court dismissed the claims Plaintiff brought on behalf of her son because "[a] litigant may bring his own claims to federal court without counsel, but not the claims of

others." Doc. 53 at 3, filed September 18, 2019 (quoting *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000)). Plaintiff now asks the Court to reconsider its Order dismissing the claims Plaintiff brought on behalf of her son. Similarly, Plaintiff asks the Court to reconsider its rulings dismissing claims under the Americans with Disabilities Act and the Rehabilitation Act for failure to state a claim, and its denial of Plaintiff's motion for leave to file an amended complaint, rulings which were entered after the issues were fully briefed.

**Motion for Emergency Status Conference**

Plaintiff requests a status conference as soon as possible regarding her Motion to Reconsider. Because it is denying Plaintiff's Motion to Reconsider, the Court denies her Motion for an emergency status conference as moot.

**IT IS ORDERED** that:

(i) Plaintiff's Motion to Request Reclarification and/or Reconsideration, Doc. 71, filed December 18, 2019, is **DENIED.**

(ii) Plaintiff's Motion to Request Emergency Case Status Conference, Doc. 78, filed January 29, 2019, is **DENIED as moot.**

_____
**SENIOR UNITED STATES DISTRICT JUDGE**