IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TISHA BRICK, and
A.B.,

    Plaintiffs,

v.                                                                                              No. 1:18-cv-01143-JCH-JHR

ESTANCIA MUNICPAL SCHOOL DISTRICT, et al.,

    Defendants.

## ORDER GRANTING MOTION TO STAY DISCOVERY

THIS MATTER comes before the Court on Defendants Joel Shirley, Mindy Lingnau, and Karen Pai's, Motion to Stay on the Basis of Qualified Immunity [Doc. 94], filed April 15, 2020. Having reviewed the parties' submissions and the relevant law, the Court finds that the Motion is well taken and should be granted.

### I.    BACKGROUND

This case arises from a dispute between Plaintiff Tisha Brick and Defendants over accommodations requested relative the administration of medication to Plaintiff's son, A.B., during school hours. [*See generally* Doc. 1]. Plaintiff filed her Complaint on December 7, 2018, asserting claims on behalf of herself and A.B., pursuant to the Rehabilitation Act of 1973 § 504, 29 U.S.C.A. § 794(a) (Section 504), the Americans with Disabilities Act of 1990 § 202, 42 U.S.C.A. § 12132 (ADA), and the Individuals with Disabilities Education Act § 601, 20 U.S.C.A. § 1400(d) (IDEA), and for retaliation, along with various state law claims. [*See generally* Doc. 1].

Defendants Evelyn Howard-Hand, Lorie Gerkey, and Estancia Municipal School District moved to dismiss Plaintiff's claims against them. [Doc. 16; Doc. 26]. The Court granted the

motions in part. The Court dismissed the claims asserted on behalf of A.B. without prejudice, finding that Plaintiff, who is not an attorney, could not bring claims on behalf of others. [Doc. 53, p. 3]. The Court dismissed Plaintiff's claims pursuant to Section 504 and the ADA as to all Defendants and her claims pursuant to the IDEA as to all Defendants except for Estancia Municipal School District [*Id.*, pp. 4-7], but did not dismiss her Section 504 and ADA retaliation claims against Defendants Howard-Hand and Gerkey, Mindy Lingnau, Karen Pai and Joel Shirley. [Doc. 66, p. 3]. The Court stayed proceedings on Plaintiff's state law claims pending the resolution of Plaintiff's remaining federal claims. [Doc. 53, p. 12].

On April 15, 2020, Defendants Lingnau, Pai and Shirley moved for summary judgment on Plaintiff's Section 504 and ADA retaliation claims. [Doc. 93, pp. 23-24]. In their motion, Defendants Lingnau, Pai and Shirley argue they are entitled to qualified immunity. [Doc. 93, pp. 23-24]. In light of their qualified immunity defense, Defendants Lingnau, Pai and Shirley have also moved to stay the case, including any discovery, pending the outcome of their summary judgment motion. [Doc. 94].

**II.    ANALYSIS**

As a general rule, "discovery rulings are within the broad discretion of the trial court." *Cole v. Ruidoso Mun. Sch.*, 43 F.3d 1373, 1386 (10th Cir 1994). This discretion includes the ability to stay all or part of a proceeding "as an incident to [a court's] power to control its own docket." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). A stay of all discovery is generally disfavored. *Bustos v. United States*, 257 F.R.D. 617, 623 (D. Colo. 2009). However, "[u]nique policy considerations inform a court's decision to grant or deny a motion to stay discovery in the context of a qualified immunity defense." *Pueblo of Pojoaque v. New Mexico*, 214 F. Supp. 3d 1028, 1115-16 (D.N.M. 2016); *see Behrens v. Pelletier*, 516 U.S. 299, 308 (1996).

"Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). "The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including avoidance of disruptive discovery." *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) (internal quotation marks and citation omitted). "If a government official is to devote time to his or her duties, and to the formulation of sound and responsible policies, it is counterproductive to require the substantial diversion that is attendant to participating in litigation and making informed decisions as to how it should proceed." *Id.* "Litigation, though necessary to ensure that officials comply with the law, exacts heavy costs in terms of efficiency and expenditure of valuable time and resources that might otherwise be directed to the proper execution of the work of the government." *Id.*

Because "qualified immunity is not only a defense to liability but also entitlement to immunity from suit and other demands of litigation[, d]iscovery should not be allowed until the court resolves the threshold question whether the law was clearly established at the time the allegedly unlawful action occurred." *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) (citation omitted). Accordingly, in cases where qualified immunity is asserted in a dispositive motion, the movant is ordinarily entitled to a stay of discovery until the qualified immunity question is resolved. *See Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004); *Workman*, 958 F.2d at 336.

In this case, Plaintiff did not file a Response in opposition to Defendants Lingnau, Pai and Shirley's motion to stay. In her Response to Defendants Lingnau, Pai and Shirley's summary judgment motion, Plaintiff stated her opposition to a stay in general terms. [Doc. 97, pp. 2, 3, 8].

However, she did not advance any argument or cite any authority to support this position. [Doc. 97, pp. 2, 3, 8]. As Plaintiff has not articulated or demonstrated any grounds for denying the motion to stay and no Defendant opposes the motion [Doc. 9, p. 3], the Court finds no reason to depart from the general rule that discovery must be stayed once a defendant files a dispositive motion asserting qualified immunity. *See Jiron*, 392 F.3d at 414; *Workman*, 985 F.2d at 336. While only Defendants Lingnau, Pai and Shirley are asserting qualified immunity, it is appropriate to stay discovery upon the assertion of qualified immunity, even for those defendants not asserting the defense. *See Iqbal*, 556 U.S. at 685 ("It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery.").

### III.   ORDER

WHEREFORE, IT IS HEREBY ORDERED that Defendants Joel Shirley, Mindy Lingnau, and Karen Pai's, Motion to Stay on the Basis of Qualified Immunity [Doc. 94], is GRANTED.

IT IS FURTHER ORDERED that this matter is stayed pending resolution of Defendants Joel Shirley, Mindy Lingnau, and Karen Pai's Motion for Summary Judgment Dismissing Plaintiff's 504 and ADA Retaliation Claims and for Qualified Immunity, [Doc. 93].

_____
JERRY H. RITTER
UNITED STATES MAGISTRATE JUDGE