**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

TISHA BRICK, and
A.B.,

       Plaintiffs,

v.                                    No. 1:18-cv-01143-JCH-JHR

ESTANCIA MUNICIPAL SCHOOL DISTRICT, et al.,

       Defendants.

**MEMORANDUM OPINION AND ORDER DENYING**
**MOTION FOR PERMISSION TO APPEAL IN FORMA PAUPERIS**

     **THIS MATTER** comes before the Court on Plaintiff Tisha Brick's Motion for Permission to Appeal In Forma Pauperis, Doc. 111, filed June 15, 2020 ("Motion").

     Plaintiff filed a Notice of Civil Appeal stating she is appealing the Court's Orders dismissing certain claims, denying Plaintiff's motion to amend her Complaint, denying Plaintiff's motions for emergency hearings, and denying Plaintiff's motion to reconsider. *See* Doc. 53, filed September 18, 2019; Doc. 106, filed May 19, 2020 ("Interlocutory Orders"). Plaintiff seeks permission to appeal in forma pauperis and filed an affidavit stating she cannot prepay the fees for her appeal. Motion at 2.

     This is a multiple claim/multiple party case and the Interlocutory Orders that Plaintiff seeks to appeal are not final decisions. *See Gross v. Pirtle*, 116 Fed.Appx. 189, 193 (10th Cir. 2004) ("in a multiple claim/multiple party case, a district court order that adjudicates fewer than all the claims raised or rules as to fewer than all the parties is not a 'final decision.'"). The Interlocutory Orders would be "final," and therefore appealable, if the Court had certified them under Fed. R.

Civ. P. 54(b)[1] or 28 U.S.C. § 1292(b)[2].  The Court has not certified the Interlocutory Orders under

Fed. R. Civ. P. 54(b) or 28 U.S.C. § 1292(b) and declines to do so at this time.

The Court denies Plaintiff's motion for permission to appeal *in forma pauperis* because the

Interlocutory Orders are not appealable.

---

[1] A court can certify an interlocutory order for appeal under Fed. R. Civ. P. 54(b) by making an express determination that there is no reason for delay and by expressly directing the entry of judgment.  Rule 54(b) provides:

> When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).

[2] A court can certify an interlocutory order for appeal under 28 U.S.C. § 1292(b), by stating in writing that the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of this case."  28 U.S.C. § 1292(b) provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b).

**IT IS ORDERED** that Plaintiff Tisha Brick's Motion for Permission to Appeal In Forma Pauperis, Doc. 111, filed June 15, 2020, is **DENIED.**


_____
**SENIOR UNITED STATES DISTRICT JUDGE**