IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TISHA BRICK, and
A.B.,

      Plaintiffs,

v.                                             No. 1:18-cv-01143-JCH-JHR

ESTANCIA MUNICPAL SCHOOL DISTRICT, et al.,

      Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court on *Defendants Stephanie Reynolds and Mico Malinzak-Fernandez'*[1] *Motion to Dismiss for Insufficiency of Service of Process and for Failure to State a Claim* [Doc. 87], filed April 3, 2020; *Defendant Ray Sharbutt's*[2] *Motion to Dismiss Pursuant to Rule 12(B)(6) of the Federal Rules of Civil Procedure* [Doc. 92], filed April 14, 2020; *Defendants Joel Shirley, Mindy Lingnau, and Karen Pai's Motion for Summary Judgment Dismissing Plaintiff's 504 and ADA Retaliation Claims and for Qualified Immunity* [Doc. 93], filed April 15, 2020; and *Walsh Defendants' Motion for Summary Judgment* [Doc. 99], filed May 8, 2020.

Pursuant to 28 U.S.C. § 636(b), presiding District Judge Judith C. Herrera referred this case to me "to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case." [Doc. 22]. Having considered the parties' submissions and the relevant law, and for the reasons outlined below, I

---

[1] In the Complaint, Defendant Mico Malinzak-Fernandez is incorrectly identified "Mico Fernandez." [*See* Doc. 1; Doc. 87, p. 1].

[2] In the Complaint, Defendant Ray Sharbutt is incorrectly identified as "Ray Sharbatt." [*See* Doc. 1; Doc. 92].

recommend that the claims against Defendants Reynolds, Malinzak-Fernandez, and Sharbutt be dismissed and that summary judgment be granted on the Section 504 and ADA retaliation claims against Defendants Shirley, Lingnau, Pai, as well as Defendants Evelyn Howard-Hand and Lorie Gerkey (referred to collectively in their briefing as the "Walsh Defendants").

## I.    BACKGROUND

This case arises from a dispute between Plaintiff Tisha Brick and Defendants primarily regarding the administration of medical cannabis to Plaintiff's son, A.B., during school hours. [*See generally* Doc. 1]. Plaintiff filed her Complaint on December 7, 2018, asserting claims on behalf of herself and A.B., pursuant to the Rehabilitation Act of 1973 § 504, 29 U.S.C.A. § 794(a) (Section 504), the Americans with Disabilities Act of 1990 § 202, 42 U.S.C.A. § 12132 (ADA), and the Individuals with Disabilities Education Act § 601, 20 U.S.C.A. § 1400(d) (IDEA), and for retaliation, along with various state law claims. [*See generally* Doc. 1].

Defendant Estancia Municipal School District and Defendants Evelyn Howard-Hand and Lorie Gerkey moved to dismiss the claims against them. [Doc. 15, Doc. 26]. The Court granted the motions in part. The claims brought on behalf of Plaintiff's son, A.B., were dismissed because Plaintiff, proceeding pro se, cannot assert claims on behalf of another party. [Doc. 53, p. 3]; *see Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others."). Plaintiff's claims under Section 504 and the ADA were dismissed for failure to state a claim upon which relief could be granted. [Doc. 53, pp. 4-7]. The Court declined to exercise supplemental jurisdiction over Plaintiff's state law claims and stayed those claims until after the resolution of Plaintiff's remaining federal claims. [*Id.*, p. 12].

The Court identified the following remaining federal claims: (i) retaliation under Section 504 against Defendants Howard-Hand, Gerkey, Lingnau, Pai and Shirley; (ii) retaliation under the ADA against Defendants Howard-Hand, Gerkey, Lingnau, Pai and Shirley; (iii) review of the administrative record and retaliation under the IDEA against Defendant Estancia Municipal School District and (iv) retaliation under the IDEA against Defendants Lingnau, Pai and Shirley. [Doc. 66, pp. 2-4]. Subsequently, Defendants Reynolds and Malinzak-Fernandez and Defendant Sharbutt moved to dismiss any remaining federal claims against them. [Doc. 87; Doc. 92]. Defendants Lingnau, Pai and Shirley and Defendants Howard-Hand and Gerkey moved for summary judgment on Plaintiff's retaliation claims under Section 504 and the ADA. [Doc. 93; Doc. 99].

## II.     ANALYSIS

### A.  Plaintiff's Claims Against Defendants Malinzak-Fernandez, Reynolds, and Sharbutt Were Dismissed in the Court's September 18, 2019 Memorandum Opinion and Order

Under Federal Rule of Civil Procedure 12(b)(6), the Court may dismiss a claim sua sponte "when it is patently obvious that the plaintiff could not prevail on the facts alleged and allowing her an opportunity to amend her complaint would be futile. *Knight v. Mooring Capital Fund, LLC*, 749 F.3d 1180, 1190 (10th Cir. 2014) (alterations in original) (internal quotation marks and citation omitted). In its September 18, 2019 Memorandum Opinion and Order, the Court addressed dispositive motions filed by Defendants Estancia Municipal School District, Howard-Hand, and Gerkey [Doc. 15; Doc. 26], as well as Plaintiff's motion to amend her Complaint [Doc. 43]. [Doc. 53].

After reviewing the dispositive motions and the allegations in Plaintiff's Complaint, the Court determined that the claims brought on behalf of A.B. should be dismissed since Plaintiff, as a pro se Plaintiff, could not bring claims on behalf of a third party. [*Id.*, pp. 3-4]. The Court found that Plaintiff had failed to a state claim under Section 504 because Plaintiff did not allege that she

was "handicapped under the [Rehabilitation] Act" or under the ADA because she did not allege that she was "a qualified individual with a disability." [*Id.*, pp. 4-5]. The Court also found that Plaintiff had failed to a state claim under the IDEA against all Defendants except Defendant Estancia Municipal School District because she did not allege that any of those Defendants were "a State educational agency, a State agency, or local educational agency that receives assistance under the IDEA." [*Id.*, pp. 6-7].

As to Plaintiff's claims of retaliation under Section 504, the ADA, and the IDEA, the Court found that Plaintiff had *only* stated plausible retaliation claims: against Defendants Estancia Municipal School District, Shirley, Lingnau, Pai, Howard-Hand, and Gerkey under the IDEA [Doc. 66, p. 2]; against Defendants Shirley, Lingnau, Pai, Howard-Hand, and Gerkey under Section 504 [*Id.*, pp. 3-4]; and against Defendants Shirley, Lingnau, Pai, Howard-Hand, and Gerkey under the ADA [*Id.*]. Finally, the Court determined that Plaintiff's proposed amendment was futile because the proposed Amended Complaint did not cure the deficiencies of the original Complaint and because it failed to state a claim as to any of the additional causes of action it included. [*Id.*, pp. 7-9]. The Court dismissed with prejudice Plaintiff's federal claims against all Defendants except the claims identified above as surviving Rule 12(b)(6) scrutiny. [Doc. 53, p. 14; ].

In their respective motions to dismiss, Defendants Malinzak-Fernandez, Reynolds, and Sharbutt argue that the claims against them were among those dismissed with prejudice by the Court's September 18, 2019 Memorandum Opinion and Order. [Doc. 87, pp. 3, 18-19; Doc. 92, pp. 5-6]. Based on the express language of the Court's Order, I agree and recommend that their

respective dispositive motions [Doc. 87; Doc. 92], be denied as moot since there are no remaining claims against them.[3]

B.   **Summary Judgment Should be Granted on Plaintiff's Retaliation Claims Against Defendants Shirley, Lingnau, Pai, Howard-Hand, and Gerkey on the Basis of Qualified Immunity**

"The qualified-immunity doctrine protects public employees from both liability and from the burdens of litigation arising from their exercise of discretion." *Cummings v. Dean*, 913 F.3d 1227, 1239 (10th Cir. 2019) (internal quotation marks and citation omitted). It "shields government officials from liability where their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *A.M. v. New Mexico Dep't of Health*, 148 F. Supp. 3d 1232, 1290 (D.N.M. 2015) (internal quotation marks and citation omitted); *see Pearson v. Callahan*, 555 U.S. 223, 231 (2009)). "Qualified immunity also shields officers who have reasonable, but mistaken beliefs, and operates to protect officers from the sometimes hazy border[s] of the law." *New Mexico Dep't of Health*, 148 F. Supp. 3d at 1290 (alteration in original) (internal quotation marks and citation omitted); *see Saucier v. Katz*, 533 U.S. 194, 205 (2001).

"When a defendant moves for summary judgment based on qualified immunity, a plaintiff must show a violation of clearly established law because, [u]nlike most affirmative defenses, the plaintiff bear[s] the ultimate burden of persuasion to overcome qualified immunity." *Gutierrez v. Cobos*, 841 F.3d 895, 900-01 (10th Cir. 2016) (alterations in original) (internal quotation marks and citation omitted); *see Roska ex rel. Roska v. Sneddon*, 437 F.3d 964, 971 (10th Cir. 2006) ("When a defendant raises a claim of qualified immunity, the burden shifts to the plaintiff to show the defendant is not entitled to immunity."). "Thus, at summary judgment, we must grant qualified

---

[3] For the same reason, the additional arguments made by Defendants Malinzak-Fernandez, Reynolds, and Sharbutt in support of dismissing the claims against them are not addressed here.

immunity unless the plaintiff can show (1) a reasonable jury could find facts supporting a violation of a constitutional right, which (2) was clearly established at the time of the defendant's conduct." *Estate of Booker v. Gomez*, 745 F.3d 405, 411 (10th Cir. 2014).

The Court "may address the two prongs of the qualified-immunity analysis in either order: if the plaintiff fails to establish either prong of the two-pronged qualified-immunity standard, the defendant prevails on the defense." *Cummings*, 913 F.3d at 1239 (internal quotation marks and citation omitted); *see also Gross v. Pirtle*, 245 F.3d 1151, 1156 (10th Cir. 2001) ("If the plaintiff fails to satisfy either part of the two-part inquiry, the court must grant the defendant qualified immunity.").

### 1. Defendants Shirley, Lingnau, and Pai are Entitled to Qualified Immunity

Defendants Shirley, Lingnau, and Pai seek summary judgment on Plaintiff's claims of retaliation under Section 504 and the ADA. [Doc. 93, pp. 23-24]. These claims arise from interactions between Plaintiff and Estancia Municipal School District personnel beginning October of 2017, when Plaintiff expressed concerns about A.B.'s behavior and mental health. [Doc. 1, p. 6]. Plaintiff believed that A.B.'s behavior had worsened over the summer of 2017 and that interactions with Estancia Municipal School District teachers and staff were triggering severe behavioral crises. [*Id.*]. Subsequently, Plaintiff was allowed to spend time on campus to observe A.B. [Doc. 56-7, p. 37]. In November 2017, a dispute arose regarding a request that Plaintiff complete a "volunteer packet/background check form" in order to continue observing A.B. on campus. [Doc. 1, p. 7]. Plaintiff clams that tension rose and communication between her and school personnel broke down, which led her to "pull" A.B. from school beginning November 15, 2017. [*Id.*, p. 8].

Plaintiff was invited to, but did not attend, a November 16, 2017 meeting with A.B.'s Individualized Education Plan team and school administrators. [Doc. 56-8, p. 331-332]. Plaintiff claims that she did not attend the meeting because she thought she was not allowed on campus since she had not submitted the "volunteer packet/background check form." [*Id.*]. According to Plaintiff, Defendant Lingnau, who was the elementary school principal for Estancia Municipal School District during the 2017-18 school year [Doc. 56-7, p. 22], and Defendant Pai, who was the Special Education Coordinator and Special Education Director for Estancia Municipal School District during the 2017-18 school year [Doc. 56-7, p. 232][4], attended the meeting along with other members of A.B.'s Individualized Education Plan  ("IEP") team and announced that Plaintiff would not be permitted to administer medical cannabis to A.B. on or near school grounds because the administration of medical cannabis on or near school grounds violated both state and federal law. [Doc. 1, p. 8].

Plaintiff contends that for two years prior to this announcement, she had been allowed to administer medical cannabis to A.B. on school grounds to deescalate A.B. in "moments of severe and uncontrollable mental and behavioral crisis." [*Id.*, pp. 1, 8]. Defendants Shirley, Lingnau, and Pai claim that prior to October or November of 2017, they were not aware that medical cannabis was being administered to A.B. on school grounds. [Doc. 56-8, p. 69, 71-72, 101, 102 – 103; Doc. 93, p. 9]. In November 2017, Defendant Shirley, who was the superintendent for the Estancia Municipal School District at the time, attended a meeting with A.B.'s IEP team and advised "that administration of medical cannabis on campus was illegal and would not be allowed." [Doc. 56-8, p. 69, 71-72, 101, 102 – 103; Doc. 93, p. 9].

---

[4] Defendant Pai served as the Special Education Coordinator for Estancia Municipal School District through January 2018, when she became the Special Education Director. [Doc. 56-7, p. 232].

Defendants Shirley, Lingnau, and Pai assert that in the following months, numerous attempts were made to address A.B.'s absence from school and by January 2018, the parties had reached an impasse; Plaintiff would not allow A.B. to attend school since she could not administer medical cannabis on school grounds, and school administrators refused to allow her to do so. [Doc. 93, pp. 9-10]. In a letter to Plaintiff dated January 23, 2018, Defendant Shirley acknowledged that Plaintiff had not allowed A.B. to return to school since the decision was made not to permit the administration of medical cannabis on school grounds. [Doc. 56-5, p. 361]. Defendant Shirley encouraged Plaintiff to allow A.B. to return to school and advised her that if A.B. did not return before February 6, 2018, he would be deemed withdrawn under New Mexico law. [Doc. 56-5, p. 361 (citing NMSA 1978, § 22-8-2 (2015))].

Defendant Shirley also addressed Plaintiff's future communication with school personnel. [*Id.*, pp. 361-363]. Defendant Shirley explained that the volume and hostile tone of Plaintiff's communication with school personnel, verbal threats of physical harm directed toward Defendant Lingnau, use of a handgun emoji in social media communication about Plaintiff's interactions with school personnel, and other derogatory, offensive, and threatening communications directed at school personnel were disruptive to the educational process for all Estancia Municipal School District students. [*Id.*, pp. 361-362]. Defendant Shirley advised Plaintiff that because A.B. was not attending school, her physical presence on campus was unnecessary and would not be permitted for the remainder of the school year. He also advised Plaintiff that her e-mail communications with most of the staff would be blocked. [*Id.*, p. 362]. Defendant Shirley advised Plaintiff that if A.B. returned to school, Plaintiff would be permitted to schedule appointments for in person or telephonic conferences, attend campus activities to which other parents in A.B.'s class or grade level were invited, and handle health or safety emergencies in person. [*Id.*].

A.B. did not return to school and was disenrolled on February 6, 2018. [Doc. 56-3, p. 1]. Plaintiff requested a due process hearing under the IDEA and now appears to be appealing the result of that hearing. [*Id.*; *see generally* Doc. 1]. In pertinent part, Plaintiff claims that the decision to prohibit the administration of medical cannabis on school grounds and the decision to restrict her access to campus and school personnel were made in retaliation for her advocacy on A.B.'s behalf.[5] [Doc. 1, p. 10]. Defendants Shirley, Lingnau, and Pai have asserted a qualified immunity defense and argue that Plaintiff cannot successfully challenge their immunity because she has not met her burden to show that their alleged conduct violated a clearly established law. [Doc. 93, pp. 23-24].

"[I]n order for the law to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." *Medina v. City & Cty. of Denver*, 960 F.2d 1493, 1498 (10th Cir. 1992). "[A] right is clearly established when a precedent involves materially similar conduct or applies with obvious clarity to the conduct at issue." *Apodaca v. Raemisch*, 864 F.3d 1071, 1076 (10th Cir. 2017) (emphasis omitted) (internal quotation marks omitted) "The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).

The plaintiff bears the burden of directing the Court to authority that clearly establishes the right that was violated. *See Washington v. Unified Gov't of Wyandotte Cty.*, 847 F.3d 1192, 1201 n. 3 (10th Cir. 2017). "It is the plaintiff's burden to convince the court that the law was clearly

---

[5] While Plaintiff makes a number of other allegations regarding Defendants Shirley, Lingnau, and Pai in her Complaint and Response to Defendants Shirley, Lingnau, and Pai's motion for summary judgment, the allegations identified by the Court as providing a sufficient basis for retaliation claims under Section 504 and the ADA pertain to the decision not to allow her to administer medical cannabis to A.B. on school grounds and the decision to restrict her access to campus. [Doc. 66, p. 2].

established." *Hilliard v. City & Cty. of Denver*, 930 F.2d 1516, 1518 (10th Cir. 1991). "In doing so, the plaintiff cannot simply identify a clearly established right in the abstract and allege that the defendant has violated it." *Id.*; *see Anderson*, 483 U.S. 635, 640 n. 2. Instead, the plaintiff "must demonstrate a substantial correspondence between the conduct in question and prior law allegedly establishing that the defendant's actions were clearly prohibited." *Hannula v. City of Lakewood*, 907 F.2d 129, 131 (10th Cir. 1990). "While the plaintiff need not show that the specific action at issue has previously been held unlawful, the alleged unlawfulness must be apparent in light of preexisting law." *Hilliard*, 930 F.2d at 1518 (internal quotation marks and citation omitted). "If the plaintiff is unable to demonstrate that the law allegedly violated was clearly established, the plaintiff is not allowed to proceed with the suit." *Id.*

Here, Plaintiff asserts that "qualified immunity only applies when a public servant acts in good faith within the scope of their duties" and argues that Defendants Shirley, Lingnau, and Pai are not entitled to qualified immunity because they "stepped out outside of their professional duties and acted in bad faith," on "multiple occasions over a long period of time." [Doc. 97, p. 1]. However, the subjective good or bad faith of the actor is irrelevant to the question of whether a right is clearly established for purposes of qualified immunity, which is an objective inquiry. *Pompeo v. Bd. of Regents of the Univ. of New Mexico*, 852 F.3d 973, 982 (10th Cir. 2017) ("[S]ubjective good faith or bad faith of government actors is ordinarily irrelevant to the objective inquiry whether a reasonable [official] would have realized that his conduct was unlawful.") (first alteration in original) (internal quotation marks and citation omitted)).

Moreover, such a general assertion is not sufficient to defeat qualified immunity where Plaintiff does not identify or cite any authority to support the alleged violation of a clearly established right, identify specific facts that support the violation of such a right, or connect the alleged

conduct to the asserted violations of Section 504 and the ADA. *See Hilliard*, 930 F.2d at 1518 ("[T]he plaintiff cannot simply identify a clearly established right in the abstract and allege that the defendant has violated it."); *Hannula,* 907 F.2d at 131 ("[The plaintiff] must demonstrate a substantial correspondence between the conduct in question and prior law allegedly establishing that the defendant's actions were clearly prohibited."). Accordingly, I find that Plaintiff has not met her burden to show that Defendants Shirley, Lingnau, and Pai violated a statutory or constitutional right and that the right was clearly established at the time the alleged conduct occurred.

Plaintiff argues that Defendants Shirley, Lingnau, and Pai waived qualified immunity by obtaining private insurance, intentionally violating the law, violating her civil and human rights, and committing perjury at the due process hearing. [Doc. 97, pp. 3-5]. However, Plaintiff's position is not supported by citations to legal authority. [*Id.*]. Additionally, to the extent that Plaintiff claims that detailed allegations of such violations will be set forth in an amended pleading, the Court has already denied Plaintiff the opportunity to amend her Complaint, finding the proposed amendment futile [Doc. 53, pp. 7-8], and there is no indication in the record that any additional requests to amend the pleadings have been made.

Plaintiff's argument that Defendants Shirley, Lingnau, and Pai waived qualified immunity by violating "the Equal Protection Claus[e] of the Fourteenth amendment and the Education for All Handicapped Children Act" [Doc. 97, p. 6] is also unhelpful. While she cites *Brown v. Board of Education*, 347 U.S. 483 (1954), *Honig v. Doe*, 484 U.S. 305 (1988), and *Timothy W. v. Rochester*, 875 F.2d 954 (1ˢᵗ Cir. 1989), Plaintiff does not explain how those cases support her position that qualified immunity has been waived and their relevance here is not apparent as none of them clearly establish that the conduct alleged in this case amounts to an equal protection violation or a violation of the Education of All Handicapped Children Act. *See Brown*, 347 U.S.

at 493-96 (addressing whether segregation in public education violates equal protection rights); *Honig*, 484 U.S. at 325-26 (addressing whether the "stay put" provision of the Education of All Handicapped Children Act prohibited schools from unilaterally excluding disabled children for dangerous or disruptive conduct); *Timothy W.*, 875 F.2d at 971-73 (addressing whether the Education of All Handicapped Children Act requires a handicapped child to demonstrate that he could benefit from special education in order to be eligible for that education). For these reasons, I conclude that Defendants Shirley, Lingnau, and Pai are entitled to qualified immunity on Plaintiff's claims of retaliation under Section 504 and the ADA.

### 2. Defendants Howard-Hand and Gerkey are Entitled to Qualified Immunity

Defendants Howard-Hand and Gerkey are licensed attorneys who worked at the law firm of Walsh Gallegos Trevino Russo & Kyle, P.C. at the relevant time, and provided outside legal counsel to Defendant Estancia Municipal School District. [Doc. 99, pp. 1, 3]. Their work for Defendant Estancia Municipal School District included counsel and representation related to A.B. and the various concerns Plaintiff regarding A.B.'s education and the potential administration of medical cannabis on school grounds. [Doc. 99, p. 3].

Defendants Howard-Hand and Gerkey seek summary judgment on Plaintiff's claims of retaliation under Section 504 and the ADA against them. [Doc. 93, pp. 23-24]. Those claims arise from a letter sent on behalf of Defendant Estancia Municipal School District to Plaintiff on September 28, 2018. [Doc. 1, p. 16; Doc. 99, pp. 22-23]. In the letter, Defendants Howard-Hand and Gerkey advised Plaintiff that Defendant Estancia Municipal School District was extending an unconditional offer of educational services to A.B and outlined a proposed plan for transitioning A.B. back to school. [Doc. 99, pp. 1-2]. They also advised that keeping A.B. out of school without providing educational services would be a violation of New Mexico's compulsory attendance laws,

which Defendant Estancia Municipal School District would be required to report to the Children, Youth, and Families Department (CYFD). [*Id.*, p. 2].

Plaintiff alleges that Defendants Howard-Hand and Gerkey's September 28, 2018 letter was coercive and threatening, and that after Plaintiff did not respond to the letter, a "highly malicious and false CYFD report was filed in conjunction with a highly malicious referral to [the Juvenile Probation and Parole Department]." [Doc. 1, p. 16]. The Court, construing Plaintiff's Complaint liberally, found that these allegations, if true, stated a plausible claim for retaliation under Section 504 and the ADA. [Doc. 66, p. 3]. Defendants Howard-Hand and Gerkey argue that they are entitled to qualified immunity on these claims. [Doc. 99, pp. 11-13]. Plaintiff suggests that Defendants Howard-Hand and Gerkey are not entitled to qualified immunity because they do not claim "to be a public entity or entitled to public funding." [Doc. 105, p. 2].

As discussed above qualified immunity "protect[s] government's ability to perform its traditional functions." *Filarsky v. Delia*, 566 U.S. 377, 389-90 (2012) (alteration in original) (internal quotation marks and citation omitted). "Affording immunity not only to public employees but also to others acting on behalf of the government…serves to ensure that talented candidates [are] not deterred by the threat of damages suits from entering public service." *Id.* (alteration in original) (internal quotation marks and citation omitted); *see Richardson v. McKnight*, 521 U.S. 399, 408 (1997). The government often must look outside its permanent work force to secure the services of private individuals when there is a particular need for specialized knowledge or expertise. *See Filarsky*, 566 U.S. at 390. "To the extent such private individuals do not depend on the government for their livelihood, they have freedom to select other work—work that will not expose them to liability for government actions." *Id.* "This makes it more likely that the most

13

talented candidates will decline public engagements if they do not receive the same immunity enjoyed by their public employee counterparts." *Id.*

"The public interest in ensuring performance of government duties free from the distractions that can accompany even routine lawsuits is also implicated when individuals other than permanent government employees discharge these duties." *Id.* at 391; *see Richardson*, 521 U.S. at 117. "Not only will such individuals' performance of any ongoing government responsibilities suffer from the distraction of lawsuits, but such distractions will also often affect any public employees with whom they work by embroiling those employees in litigation." *Filarsky*, 566 U.S. at 391.

For these reasons, the United States Supreme Court has held that "[a]llowing suit under § 1983 against private individuals assisting the government will substantially undermine an important reason immunity is accorded public employees in the first place." These principles have been applied to uphold qualified immunity for private attorneys working with public employees to perform duties on behalf of the government. *See e.g.*, *Filarsky*, 566 U.S. at 391-94 (holding that attorney who was retained by city to assist in investigation into firefighter's potential wrongdoing was entitled to seek the protection of qualified immunity against a § 1983 suit).

Here, Defendants Howard-Hand and Gerkey sent the September 28, 2018 letter to Plaintiff on behalf of and in the scope of their representation of Defendant Estancia Municipal Schools [Doc. 99, pp. 8-9, 22-24]. Therefore, they should not be denied immunity merely because they themselves are not public employees in circumstances such as these.

Having found that Defendants Howard-Hand and Gerkey have properly asserted the qualified immunity defense, the burden again rests on Plaintiff to demonstrate that (1) Defendants Howard-Hand and Gerkey "violated a statutory or constitutional right, and (2) that the right was

clearly established at the time of the challenged conduct." *See Cummings*, 913 F.3d at 1239 (emphasis omitted) (internal quotation marks and citation omitted)). Plaintiff's arguments opposing qualified immunity for Defendants Howard-Hand and Gerkey are nearly identical to those set forth in opposition to qualified immunity for Defendants Shirley, Lingnau, and Pai. Plaintiff asserts that "qualified immunity only applies when a public servant acts in good faith within the scope of their duties" and argues that Defendants Howard-Hand and Gerkey are not entitled to qualified immunity because they "stepped out outside of their professional duties and acted in bad faith," on "multiple occasions over a long period of time." [Doc. 105, p. 2]. As previously discussed, subjective good or bad faith of the actor is irrelevant to the question of whether a right is clearly for purposes of qualified immunity. *Pompeo*, 852 F.3d at 982.

       Further, general assertions that statutory or constitutional violations have occurred are alone insufficient defeat qualified immunity. This is especially true where, as here, the plaintiff does not identify or cite any authority to establish that the conduct alleged violated a clearly established right, identify specific facts that support the violation of a clearly established right, or connect the alleged conduct to the asserted violations. *Hilliard*, 930 F.2d at 1518 ("[T]he plaintiff cannot simply identify a clearly established right in the abstract and allege that the defendant has violated it."); *Hannula,* 907 F.2d at 131 ("[The plaintiff] must demonstrate a substantial correspondence between the conduct in question and prior law allegedly establishing that the defendant's actions were clearly prohibited.").  Accordingly, I find that Plaintiff has not met her burden to show that Defendants Howard-Hand and Gerkey violated a statutory or constitutional right and that the right was clearly established at the time the alleged conduct occurred. *See Cummings*, 913 F.3d at 1239.

As with Plaintiff's assertion that Defendants Shirley, Lingnau, and Pai's qualified immunity has been waived because they obtained private insurance, intentionally violated the law, violated her civil and human rights, and committed perjury at the due process hearing, Plaintiff's identical assertions as to Defendants Howard-Hand and Gerkey are without any legal support. [Doc. 105, pp. 3-6]. And, again, while Plaintiff suggests that the details of such violations will be set forth in an amended pleading, the Court has denied Plaintiff's request to amend and found her proposed amendment to be futile. [Doc. 53, pp. 7-8].

Plaintiff also reiterates her argument that qualified immunity was waived due to violations of "the Equal Protection Claus of the Fourteenth Amendment and the Education for All Handicapped Children Act" [Doc. 105, p. 8]. However, as stated earlier the authority cited by Plaintiff in support of this argument is inapposite here. [*Id.*]; *see Brown*, 347 U.S. at 493-96; *Honig*, 484 U.S. at 325-26; *Timothy W.*, 875 F.2d at 971-73. For these reasons, I conclude that the Defendants Howard-Hand and Gerkey are entitled to qualified immunity on Plaintiff's claims of retaliation under Section 504 and the ADA.

Having concluded that Defendants Shirley, Lingnau, Pai, Howard-Hand, and Gerkey are entitled to qualified immunity, I recommend that summary judgment be granted on that basis and I do not reach the additional arguments advanced in support of summary judgment on these claims. *See Estate of Booker*, 745 F.3d at 411 ("[A]t summary judgment, we *must* grant qualified immunity unless the plaintiff can show (1) a reasonable jury could find facts supporting a violation of a constitutional [or statutory] right, which (2) was clearly established at the time of the defendant's conduct.") (emphasis added)); *Hilliard*, 930 F.2d at 1518 "If the plaintiff is unable to demonstrate that the law allegedly violated was clearly established, the plaintiff is not allowed to proceed with the suit." (internal quotation marks and citation omitted)).

16

## III.    RECOMMENDATION

For the foregoing reasons, I recommend that:

1)  *Defendants Stephanie Reynolds and Mico Malinzak-Fernandez' Motion to Dismiss for Insufficiency of Service of Process and for Failure to State a Claim* [Doc. 87] be DENIED as moot;

2)  *Defendant Ray Sharbutt's Motion to Dismiss Pursuant to Rule 12(B)(6) ff the Federal Rules of Civil Procedure* [Doc. 92] be DENIED as moot;

3)  *Defendants Joel Shirley, Mindy Lingnau, and Karen Pai's Motion for Summary Judgment Dismissing Plaintiff's 504 and ADA Retaliation Claims and for Qualified Immunity* [Doc. 93] be GRANTED; and

4)  *Walsh Defendants' Motion for Summary Judgment* [Doc. 99] be GRANTED.


_____
JERRY H. RITTER
UNITED STATES MAGISTRATE JUDGE

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).

**A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**