IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TISHA BRICK, and
A.B.,

    Plaintiffs,

v.  No. 1:18-cv-01143-JCH-JHR

ESTANCIA MUNICPAL SCHOOL DISTRICT, et al.,

    Defendants.

# MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on the Proposed Findings and Recommended Disposition ("PFRD") of Magistrate Judge Jerry H. Ritter [Doc. 118], entered at the undersigned's request pursuant to 28 U.S.C. § 636(b). [*see* Doc. 22]. In the PFRD, Magistrate Judge Ritter recommends that the Court:

1) deny Defendants Stephanie Reynolds and Mico Malinzak-Fernandez' Motion to Dismiss for Insufficiency of Service of Process and for Failure to State a Claim [Doc. 87] as moot;

2) deny Defendant Ray Sharbutt's Motion to Dismiss Pursuant to Rule 12(B)(6) of the Federal Rules of Civil Procedure [Doc. 92] as moot;

3) grant Defendants Joel Shirley, Mindy Lingnau, and Karen Pai's Motion for Summary Judgment Dismissing Plaintiff's 504 and ADA Retaliation Claims and for Qualified Immunity [Doc. 93]; and

4) grant Walsh Defendants' Motion for Summary Judgment [Doc. 99].[1]

---

[1] Defendants Evelyn Howard-Hand and Lorie Gerkey are collectively referred to as Walsh Defendants. [*see* Doc. 99, p. 1; Doc. 108, p. 2].

1

Plaintiff Tisha Brick, her son A.B.[2], and Defendants Shirley, Lingnau, and Pai timely objected. [*See generally* Doc. 119, 120]. Having considered these objections, the Court hereby grants Shirley, Lingnau, and Pai's objections in part, overrules Brick and A.B.'s objections, adopts the PFRD with a modification, and clarifies that no IDEA retaliation claims against Defendants Lingnau, Pai and Shirley remain.

**I.    BACKGROUND**

In his PFRD, Magistrate Judge Ritter recommends the Court 1) deny Malinzak-Fernandez, Reynolds, and Sharbutt's dispositive motions as moot because Plaintiffs' claims against them were among those dismissed with prejudice by the Court's earlier Order, 2) grant summary judgment on Plaintiffs' claims of retaliation under Section 504 and the ADA against Shirley, Lingnau, Pai based on qualified immunity, and 3) grant summary judgment on Plaintiffs' claims of retaliation under Section 504 and the ADA against Walsh Defendants based on qualified immunity. [Doc. 118].

Brick and A.B. filed their objections on October 29, 2020, raise many issues, including four specific objections to the PFRD. [Doc. 119]. Defendants Shirley, Lingnau, and Pai filed their objections on October 30, 2020, agreeing with Magistrate Judge Ritter's recommendation, but objecting to his statement that Plaintiffs' claims for "retaliation under the IDEA against Defendants Lingnau, Pai and Shirley" remain. [Doc. 120, pp. 3-5; *see* Doc. 118, p. 3]. No other objections have been filed and the time to do so has passed. 28 U.S.C. § 636(b)(1)(C); [Doc. 118, p. 17].

---

[2] The claims brought on behalf of Brick's son, A.B., were dismissed because Brick cannot assert claims on behalf of another party. [Doc. 53, p. 3]. Because 1) A.B.'s objections are identical to Brick's [*See* Doc. 119, p. 1], 2) none of the Defendants challenge A.B.'s standing to file his objections, and 3) the fact of this case involves A.B. and his school, the Court will address A.B.'s objections on their merits.

## II.     STANDARD OF REVIEW

District Judges may refer dispositive motions to Magistrate Judges for proposed findings and a recommended disposition pursuant to 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). "Within 14 days after being served with a copy of the [magistrate judge's] recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). To preserve an issue for review, a party's objections must be "both timely and specific." *United States. v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). In reviewing such objections, the district judge must "make a *de novo* determinations of those portions of the [PFRD] … to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3). While the district judge must conduct a *de novo* review of the record, no specific findings are required, and the Court may place whatever reliance it chooses on the magistrate judge's recommendation. *See Garcia v. City of Albuquerque*, 232 F.3d 760 (10th Cir. 2000); *United States v. Raddatz*, 447 U.S. 667, 676 (1980). "Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("[A]llowing parties to litigate fully their case before the magistrate and, if unsuccessful, to change their strategy and present a different theory to the district court would frustrate the purpose of the Magistrates Act.") (quoted authority omitted).

## III.    SHIRLEY, LINGNAU, AND PAI'S OBJECTIONS

Defendants Shirley, Lingnau, and Pai agree with Magistrate Judge Ritter's disposition, but object to Magistrate Judge Ritter's statement that Plaintiffs' claims for "retaliation under the IDEA against Defendants Lingnau, Pai and Shirley" remain. [Doc. 120, pp. 3-5; *see* Doc. 118, p. 3]. This

is a specific objection and the Court reviews this portion of the PFRD *de novo.* 28 U.S.C. § 636(b)(1)(C).

Defendants Shirley, Lingnau, and Pai argue that there are no IDEA retaliation claims against them because the Court dismissed those counts after Plaintiffs failed to state IDEA retaliation claims against individual Defendants Shirley, Lingnau, and Pai. [Doc. 120, p. 4; *see* Doc. 53, pp. 6-7]. The Court agrees with this objection, clarifies that no IDEA retaliation claims against Defendants Lingnau, Pai and Shirley remain, and modifies Magistrate Judge Ritter's PFRD to the extent it finds to the contrary.

Defendants Shirley, Lingnau, and Pai further ask the Court to state that qualified immunity bars any theoretical IDEA retaliation claims against them. [Doc. 120, p. 2]. The question of theoretical claims was not raised before nor considered by Magistrate Judge Ritter. Issues raised for the first time in the objections to a PFRD, rather than before the magistrate judge, are deemed waived. *Marshall*, 75 F.3d at 1426. Nor does the Court issue advisory opinions. U.S. Const., art. III, § 2 (Federal court jurisdiction limited to "cases or controversies"). Therefore, whether qualified immunity bars Plaintiffs' IDEA retaliation claims against these Defendants is neither considered nor decided here.

## IV.     BRICK AND A.B.'S OBJECTIONS

Brick and A.B. filed their response in full opposition to Magistrate Judge Ritter's PFRD. [Doc. 119, p. 1]. Brick and A.B. raise many issues with the PFRD[3] and make four specific objections. [*See generally* Doc. 119].

---

[3] Brick and A.B. raise numerous other issues in their objections but none are specific to the factual and legal issues actually in dispute. The Court only reviews specific and timely objections, all other objections are waived. *See* 28 U.S.C. § 636(b)(1)(C). *But see e.g.*, *Pablo v. Social Security Admin.*, No. CIV 11-0132 JB/ACT, 2013 WL 1010401, at *4 (D.N.M. Feb 27, 2013) (unpublished) (Reviewing other objections to determine if the PFRD was clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.). Here, the PFRD is not clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion. Therefore, to the extent other objections were raised, the Court overrules them.

First, Brick and A.B. argue that they should have been allowed discovery and one or more hearings regarding these motions for summary judgment. [Doc. 119, pp. 2-3]. Brick and A.B. raised the issue of evidentiary hearing only in their response to Reynolds and Malinzak-Fernandez' motion. [Doc. 90, p. 4]. This is a specific objection and the Court reviews this portion of the PFRD *de novo.* 28 U.S.C. § 636(b)(1)(C). Magistrate Judge Ritter recommends denying Reynolds and Malinzak-Fernandez' motion as moot and explicitly states that the arguments made by Reynolds and Malinzak-Fernandez are not addressed. [*See* Doc. 118, p. 5, n. 1]. Because Magistrate Judge Ritter recommends dismissal on mootness and does not address other grounds presented in the briefing, upon *de novo* review, the Court does not find that an evidentiary hearing was necessary. Therefore, this objection is overruled.[4]

Second, Brick and A.B. argue that Magistrate Judge Ritter should not have stated that they incorrectly identified parties Malinzak-Fernandez and Sharbutt because it shows Magistrate Judge Ritter's bias. [Doc. 119, pp. 4-5]. This is a specific objection and the Court reviews this portion of the PFRD *de novo.* 28 U.S.C. § 636(b)(1)(C). Here, Brick and A.B. did not cite to any legal authority that indicate a magistrate judge exhibits bias by clarifying incorrectly identified parties. Furthermore, Magistrate Judge Ritter's clarifying remarks serve the purpose of reconciling the complaint and the parties adjudicated in the PFRD. Without these clarifying remarks, the record

---

[4] Brick and A.B. did not request discovery or hearings in any other responses. [*See generally* Docs. 96, 97, 105]. A party who cannot respond to a summary judgment motion without additional facts has an obligation to raise the issue by specifying the reasons for inability to respond, Fed. R. Civ. P. 56(d), describing the additional facts needed, what the party has done to obtain them, and what the party proposes to do to obtain them if allowed additional time. *Price v. W. Resources, Inc.*, 232 F.3d 779, 784 (10th Cir. 2000). Moreover, as stated above, issues raised for the first time in objections, rather than before the magistrate judge, are deemed waived. *Marshall*, 75 F.3d at 1426. Here, Brick and A.B. did not request discovery as required by Rule 56(d), or hearings as permitted by Local Rule 7.6(a). D.N.M.LR-Civ. 7.6(a) (Permitting a party to request a hearing but stating that unless otherwise ordered all motions will be decided on the briefs without a hearing.). Even though a pro se litigant's pleadings are to be construed liberally, the Court cannot act as an advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Because Brick and A.B. did not request discovery or hearings in their responses or make any attempt to follow the relevant rules to request them, the Court alternatively overrules the objection as procedurally waived.

5

does not clearly state that Mico Malinzak-Fernandez and Ray Sharbutt are the same parties as Mico Malinzak and Ray Sharbatt alleged in the complaint. Even construing Brick and A.B.'s objection liberally, the Court does not find this objection persuasive and overrules it after *de novo* review.

Third, Brick and A.B. argue that Magistrate Judge Ritter should not have noted their pro se status in the PFRD because it shows Magistrate Judge Ritter's bias. [Doc. 119, p. 4]. This is a specific objection and the Court reviews this portion of the PFRD *de novo.* 28 U.S.C. § 636(b)(1)(C). Brick and A.B. cite no authority supporting their objection, which is alone enough to overrule it. *See* D.N.M.LR-Civ. 7.3(a) ("A motion, response or reply must cite authority in support of the legal positions advanced."). However, even on the merits, the Court finds no bias. Brick's pro se status is a part of the reason that the Court dismissed A.B. from this lawsuit. [*See generally* Doc. 53]. The Court finds it reasonable for Magistrate Judge Ritter to give some context as to why A.B. was dismissed as a party. Moreover, noting a party's pro se status affords the protection of liberal construction not afforded to represented parties. Therefore, even construing Brick and A.B.'s objection liberally, the Court is unpersuaded, and the objection is overruled.

Finally, Brick and A.B. argue that Magistrate Judge Ritter showed bias by making a "unsubstantiated claim that 'Tisha Brick chose to keep A.B. out of school.'" [Doc. 119, p. 16]. However, even though Brick and A.B. indicate that they are quoting the PFRD, the Court examined the PFRD and the quoted phrase does not appear. The only similar language in the PFRD states that "Brick pulled A.B. from school beginning November 15, 2017." [*See* Doc. 118, p. 6]. Magistrate Judge Ritter based this fact on Plaintiffs' own complaint, specifically: "Tisha Brick could not attend the meeting and pulled A[.] B[.] from school for his safety around November 15,

2017." [*See* Doc. 1, p. 8]. Thus, even construing Brick and A.B.'s objection liberally, it is overruled.

V.      **CONCLUSION**

For the above reasons, the Court hereby:

1) **sustains** Lingnau, Pai, and Shirley's objections in part [Doc. 120];

2) **clarifies** that no IDEA retaliation claims against Lingnau, Pai and Shirley remain;

3) **overrules** Brick and A.B's objections [Doc. 119]; and

4) **adopts** Magistrate Judge Ritter's PFRD [Doc. 118], to the extent it is consistent with this Memorandum Opinion and Order.

SO ORDERED.

_____
SENIOR UNITED STATES DISTRICT JUDGE