IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TISHA BRICK, and
A.B.,

    Plaintiffs,

v.                                                      No. 1:18-cv-01143-JCH-JHR

ESTANCIA MUNICIPAL SCHOOL DISTRICT, et al.,

    Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court *sua sponte* to consider Plaintiff Tisha Brick's response [Doc. 126] to the Court's order to show cause [Doc. 125]. Pursuant to 28 U.S.C. §636(b), presiding Senior District Judge Judith C. Herrera referred this case to me "to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case." [Doc. 22]. For the reasons stated below, I recommend the Court dismiss this case with prejudice.

    **I.**    **BACKGROUND**

This matter arises from a dispute between Brick and Defendants regarding Plaintiff's son A.B.'s accommodations in school. [*See generally* Doc. 1]. Brick alleges that Defendants "violate[ed] multiple Federal laws toward both the student [A.B.] and the Parent Tisha Brick. The laws violated appear to fall primarily under Section 504 [of the Rehabilitation Act], ADA [American with Disabilities Act], and IDEA [Individuals with Disabilities in Education Act]." [*Id.*, p. 2].

Brick is a *pro se* litigant and commenced this action on December 7, 2018. [Doc. 1]. After resolving multiple motions to dismiss and motions for summary judgment, [Docs. 15, 26, 87, 92,

1

93, 99], the Court dismissed most of the federal claims and stayed the state law claims; the only remaining federal claim is for an IDEA due process hearing judicial review. [*See* Docs. 53, 66, 121].

The Court entered a scheduling order on October 5, 2021, requiring Brick to file an opening brief on or before November 16, 2021. [Doc. 124, p. 1]. Brick did not file an opening brief. The Court thereafter entered an order to show cause on December 17, 2021, requiring Brick to show cause why the petition for judicial review should not be dismissed. [Doc. 125, p. 1]. The Court also advised that "[f]ailure to respond to this Order may result in dismissal without further notice." [*Id.*]. Brick filed a response on the same day. [Doc. 126, *see attached as exhibit*]. She declares that she will take no further action in this case and does not provide any valid reason why the case can go forward without the opening brief nor why failure to meet the deadline should be excused. [*See id.*].

## II.     LEGAL STANDARD

District courts have inherent as well as statutory power "to manage their business so as to achieve the orderly and expeditious disposition of cases." *LaFleur v. Teen Help*, 342 F.3d 1145, 1149 (10th Cir. 2003) (internal quotation marks and citation omitted). Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders." *Olsen v. Mapes*, 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003) (internal citations omitted).

District courts may dismiss without prejudice "without attention to any particular

procedures." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Ctr.*, 492 F.3d 1158, 1162 (10th Cir. 2007). Dismissal with prejudice, however, "represents an extreme sanction appropriate only in cases of willful misconduct." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992) (internal citations omitted).

> Before choosing dismissal as a just sanction, a court should ordinarily consider a number of factors, including: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant," (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction."

*Id.* at 921 (internal citations omitted).

Because dismissal with prejudice defeats a litigant's right to access to the courts altogether, "[p]articularly in cases in which a party appears pro se, the court should carefully assess whether it might appropriately impose some sanction other than dismissal, so that the party does not unknowingly lose its right of access to the courts because of a technical violation." *Id.* at 920 n. 3.

### III.   ANALYSIS

The *Ehrenhaus* factors inform a recommendation for the appropriate course of action.

**a. Prejudice**

The first *Ehrenhaus* factor is the degree of actual prejudice to the defendant. 965 F.2d at 921. Delay, by itself, may not be sufficient to warrant dismissal. *Id.* However, courts recognize that a lawsuit containing serious and stigmatizing allegations may damage the reputation of those accused so long as the lawsuit remains pending. *Id.* Moreover, defendants cannot defend a claim against an absent plaintiff. *Richards v. City of Lovington*, Civ. No. 21-607 KG/GJF, 2022 WL 1404583, at *2 (D.N.M. April 14, 2022) (citing *Rowland v. Board of Cty. Comm'rs for Cty. of Curry*, No. 20-cv-0646 GBW/SMV, 2021 WL 1784954, at *3 (D.N.M. May 5, 2021) and *Carlos*

*Alonso v. Barham*, 16-cv-0903 KWR/SMV, 2020 WL 6581290, at *2 (D.N.M. Nov. 10, 2020)).

Brick alleges, among others, that "[a defendant] unlawfully, unethically, and secretively attempted to report Tisha Brick to New Mexico's Department of Health for suspicious medical cannabis 'manufacturing and dosing' in an act of personally biased retaliation," [Doc. 1, p. 10], and "all defendants who participated in the [2018 Due Process] Hearing, except for 3-4 people, committed multiple acts of blatant perjury." [*Id.*, p. 15]. They are just a few examples of the serious and stigmatizing allegations that damage Defendants' reputation so long as this case remains pending. Brick now declares that she will take no further action in this case. [Doc. 126, p. 2]. Defendants cannot defend a claim against an absent plaintiff, and serious and stigmatizing allegations damage reputations so long as the lawsuit remains pending. Therefore, Defendants have been prejudiced by Brick's failure to prosecute.

### b. Interference

The second factor is the degree of interference with the judicial process. *Ehrenhaus*, 965 F.2d at 921. Willful failure to comply with the Court's orders interferes with the judicial process. *Id*. ("When he willfully failed to comply with a direct court order, [the plaintiff] flouted the court's authority."); *see e.g. Fischer v. Laraia*, No. CV 12-0673 JCH/CG, 2013 WL 12080314, at *4 (D.N.M. Dec. 19, 2013); *Chacon v. City of Sunland Park, New Mexico*, CV 09-0760 MCA/WPL, 2011 WL 13284754, at * 5 (D.N.M. June 1, 2011). Brick ignored the Court's scheduling order, and when ordered to show cause, instead of explaining, she declares that she will take no further action in this case. [*See* Docs. 124, 125, 126]. Brick clearly interfered with the judicial process.

### c. Culpability

The third factor is the culpability of the litigant. *Ehrenhaus*, 965 F.2d at 921. Brick is fully culpable because she willfully ignored the Court's orders and declared that she will take no further

action in this case. *See e.g. Muldrow v. Giannini*, Civ. No. 18-1174 MV/JFR, 2019 WL 3323523, at *3 (D.N.M. May 28, 2019) (finding the *pro se* plaintiff culpable after the magistrate judge advised him about "his legal responsibilities and the consequences of failing to comply with the local and federal rules of procedure"); *Richards*, 2022 WL 1404583, at *3 ("Plaintiff is culpable for his lack of participation."); *Carlos Alonso*, 2020 WL 6581290, at *2 (same).

### d. Warning

The fourth factor is whether the court warned the party in advance that failure to comply with the court's order would be subject to dismissal. *Ehrenhaus*, 965 F.2d at 921. The only pending issue in this case is the IDEA due process hearing judicial review. After Brick failed to file a timely opening brief, the Court required her to show cause why the petition for judicial review should not be dismissed and advised that "[f]ailure to respond to this Order may result in dismissal without further notice." [Doc. 125, p. 1]. This warning satisfies the fourth factor. *See Richards*, 2022 WL 1404583, at *3 (similar warning[1]); *see also Ehrenhaus*, 965 F.2d at 921 (district court satisfied the fourth factor when it "invited defense counsel to file a motion to dismiss if [the plaintiff] failed to attend [the court-ordered deposition].").

### e. Lesser Sanctions

The last factor is the efficacy of lesser sanctions. *Ehrenhaus*, 965 F.2d at 921. For *pro se* litigants, "the court should carefully assess whether it might appropriately impose some sanction other than dismissal, so that the party does not unknowingly lose its right of access to the courts because of a technical violation. *Id.*, at 920 n. 3.

Brick willfully failed to comply with the Court's scheduling order that was intended to provide expeditious review of her own challenge to the IDEA due process hearing. [*See* Doc. 124].

---

[1] In *Richards*, "the Court advised that 'if Plaintiff fail[ed] to comply with . . . future discovery obligations, the Court may' dismiss 'the action . . . in whole or in part."

5

The Court allowed her to explain and warned of the consequences of failure to respond. [Doc. 125]. Instead of explaining how the case can go forward without complying with the scheduling order or why her failure to comply with the Court's scheduling order should be excused, Brick abandoned her right to review by declaring that she will take no further action in this case. [*See* Doc. 126]. Moreover, Brick was not ignorant of the need to comply with the order to show cause, having filed another case in this District where the Court imposed filing restrictions due to repeated failure to follow the Court's orders. [*See Brick v. Estancia Municipal School District, et al.*, No. 1:20-cv-00881-WJ-KK, Dkt. 61, p. 5 ("Despite the Court's notifications . . . Plaintiff continues to disregard the Court's Orders."); Dkt. 67 (order imposing filing restrictions); Dkt. 73 (order modifying filing restrictions)].

Recognizing that Brick is a *pro se* litigant, the Court has considered whether lesser sanctions would be effective and concluded that they would not because a clear notice and warning of consequences has been unsuccessful, Brick has a history of failing to follow this District's orders, and she now declares that she will take no further action in this case. *See Richards*, 2022 WL 1404583, at *3 (Lesser sanctions may be ineffective when the court's warnings have been unsuccessful and when a plaintiff has not participated in the case.).

## IV. RECOMMENDATION

Because all five *Ehrenhaus* factors weigh in favor, and factors 2, 3, and 4 weigh overwhelmingly in favor of dismissal, aggravating factors outweigh the judicial system's predisposition to resolve cases on their merits. I **recommend** dismissal with prejudice.

_____
JERRY H. RITTER
UNITED STATES MAGISTRATE JUDGE

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).
>
> **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

1:18-cv-01143-JCH-JHR

U.S. District Court

District of New Mexico

In the matter of:

Tisha Brick,

On behalf of herself and

on behalf of A.B., *Student Petitioner*,

*Plaintiffs*.

v.

Estancia Municipal School District et al.,

*Defendants*.

## Response to Document 125

Comes now Tisha Brick and on behalf of A.B., known herein as Petitioners, with a brief response to Document 125 filed by Jerry H. Ritter.

1. Petitioners are filing this response as a **one-time courtesy** and to serve as **Notice** to all parties that: new facts and evidence have been recently discovered by Petitioners which are relevant to all parties in this case and are now equally relevant to all parties acting in any capacity under color of law within this court.
2. Petitioners have not received official notice of any activity on this case by email nor certified mail since last filing by Judith C. Herrera in April of 2021.
3. Petitioners cannot lawfully respond past this filing to any further activity on the case in this court as they have recently become aware of the fact that they have been deceived by the defendants and this court.
4. Petitioners are now aware of the fact that they have been denied true Due Process of Law by the defendants and this court.
5. Petitioners are now aware of the fact that they have had their Natural and Unalienable Rights/Liberties intentionally infringed upon by the defendants and this court.
6. Petitioners are now aware of the fact any parties acting in any role or capacity as a "Judiciary", "Magistrate", or as an "employee of the court" in this case have been doing

1

    so fraudulently while acting under color of law, which makes their positions/writings/activity null and holds no lawful jurisdiction by the Law of the Land.

7. Because of these facts, Petitioners now that they are aware, are bound, just as the defendants and this court are bound, by the Supreme law of the Land and Petitioners must affirm on record that they will not participate in any further fraudulent and sham proceedings being conducted by the defendants and any party acing under color of law within this court.

8. Petitioners will seek redress to the new discovery via the appropriate and lawful Jurisdiction and process pursuant to true Due process of Law prescribed and secured under the Supreme Law of the land.

In Conclusion, Petitioners have no further response and are bound to act only in accordance with the true Supreme Law of the Land.

Respectfully Submitted,
Tisha Brick
and on behalf of A.B.,
(505) 910-6106
Po Box 1082 Estancia, NM 87106

*[signature: Tisha Brick]*

CERTIFICATE OF SERVICE

This is to certify that on this 17th day of December 2021, the foregoing was filed electronically which caused all parties of record to be served.